Thomas E. Gay *et al.*, Respondents, v. Henry
Tielkemeyer, Appellant.

### St. Louis Court of Appeals, December 10, 1895.

**Instructions:** ASSUMPTION OF FACTS. An instruction which assumes a
disputed matter of fact is erroneous; and even when there is no con-
flict in the evidence as to an issue of fact, the safer and better prac-
tice, if there is no express concession or admission on the subject, is
to submit the issue to the jury.

*Appeal from the St. Louis City Circuit Court.*—Hon.
Leroy B. Valliant, Judge.

REVERSED AND REMANDED.

*Paxson & Dierkes* for appellant.

*T. J. Rowe* for respondents.

Biggs, J.—The plaintiffs are real estate agents.
Negotiations were pending between the defendant and
one Mary E. Haley for the exchange of certain lots
claimed by them respectively. At the same time there
was an agreement between the plaintiffs and the defend-
ant as to the payment of a certain sum as commissions
on the transaction. What the terms of that agreement
were is uncertain under the evidence. The plain-
tiff, McCann, admitted on his cross-examination that
no commissions were to be charged unless the trade was
consummated. This was somewhat of a modification
of his examination in chief, from which it is fairly infer-
able that commissions were to be paid if Miss Haley
was able to furnish a good title. The present action
is to recover the sum of $275, the amount agreed on.

At the conclusion of the evidence the circuit court held, as a matter of law, that under the evidence adduced the title of Miss Haley to the property was good, and the jury was instructed to return a verdict for the plaintiffs for the amount sued for, with six per cent interest from the date of the institution of the suit. This was done, and judgment entered accordingly. The defendant excepted to the giving of the instruction, and he has brought the case here for review.

Under the evidence the direction of the court was wrong, for it was conceded at the trial that the trade *was not consummated.* Whether commissions were to be paid in the event the exchange was effected, or if Miss Haley should be able to furnish a good title to her property, should have been left to the jury; for, if the agreement was upon the first condition stated, then clearly the plaintiffs were not entitled to recover. Again, if the payment of commissions depended on the last condition, as the record title of Miss Haley was confessedly not good, and the curing of the defect depended on matters resting *in pais,* that theory likewise should have been submitted to the jury under proper instructions. She claimed title under one John Haley. Prior to the transfer to her, a suit in equity was instituted in the circuit court of the city of St. Louis by one M. Landau against John Haley and others for the purpose of charging the lots in question with the payment of a debt, alleged to be due Landau from a former owner of the lots. Landau charged that his debtor had conveyed them for the purpose of defeating him in the collection of his claim, and that John Haley was a participant in the fraud. A notice of *lis pendens* was filed, and recorded in the recorder's office of the city. When the defendant learned of the pendency of the suit, he declined to make the trade unless this cloud upon the title was removed. Thereupon the

plaintiffs procured from Mills & Flitcraft, who were the attorneys for Landau, the following stipulation signed by them and John Haley, viz.:

"Landau ⎫
    *v.*    ⎬ No. 96214–2.
Schade, et al. ⎭

"Whereas defendant John Haley desires to sell the land described in plaintiff's petition, being lots 13 and 14 of city block 1008 of the city of St. Louis, Missouri, the same being covered by a *lis pendens* filed in the recorder's office of the city of St. Louis, Missouri, it is agreed that an order of dismissal may be entered against him with the provision that the same shall be set aside on the twenty-eighth of May, 1894, and said John Haley shall enter his appearance and file his answer on that date, and plaintiff waives any right against said land, so that the purchaser may take a title free from the claim of the plaintiff herein without waiving any rights against John Haley personally or against the other defendants for the value of said real estate described, or the proceeds of the sale of it.

"M. LANDAU, Plaintiff,

"By MILLS & FLITCRAFT, his Attorneys.

"JOHN HALEY."

The foregoing stipulation was recorded in the recorder's office, and filed in the office of the clerk of the circuit court. The attorneys for Landau wrote to him a letter which, with the subjoined notation, was as follows:

"ST. LOUIS, Mo., April 19, 1894.

"*Mr. Landau, St. Louis, Mo.*

"DEAR SIR:—As there might hereafter be some question about our authority to sign the stipulation which was entered in this case in reference to defendant Haley, we wish you would note on this letter the fact that the entire control of the litigation is in our

hands, and that whatever steps we have taken in the matter have been done with your approval. All you will need to do will be to write 'O. K., M. Landau' at the bottom of this letter and send back to us.

"Yours respectfully,

"MILLS & FLITCRAFT.

"O. K.

"M. LANDAU, by McC."

Landau testified that his name was signed above by his bookkeeper, and that it was done by his author-ity.

That Mills & Flitcraft were the attorneys of record for Landau, and that they executed the foregoing agreement, seem to have been conceded, but whether Landau subsequently ratified their act depends solely upon the testimony of Landau himself. Under what circumstances the trial court may assume a question of fact to exist, concerning which there is no conflict in the evidence, the reported cases in this state are not fully in accord. We think that the safer and better practice is to submit to the jury all questions of fact not expressly conceded or admitted.

With the concurrence of the other judges the judgment of the circuit court will be reversed and the cause remanded. It is so ordered.