· E. C. HORNER, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

70    285
95    ⁵727

St. Louis Court of Appeals, April 7, 1897.

1. **Bills of Lading**: ASSIGNMENT BY INDORSEMENT WITH STAMP, SUFFICIENCY OF. An assignment of bills of lading, by stamping the name of the assignor on the back thereof, and their delivery so indorsed, was a full compliance with the statutes of Arkansas, requiring such assignments to be in writing. *Henshal v. Foster*, 9 Pick. 312.

2. ———: PLEADING: EVIDENCE: SURPRISE. Defendant could not have been surprised by a discrepancy between the dates of shipment and bills of lading, as averred in the petition, and the dates of the bills of lading offered in evidence, where the number of the cars, in which the shipments were made, was correctly stated. But plaintiff should have been required to amend his petition as to the dates of the bills, and an opportunity given defendant to make affidavit of surprise.

3. ———: ASSIGNMENT, ABSOLUTE, OR COLLATERAL: EVIDENCE: JURY QUESTION. *Held*, that under the evidence in this case, the question whether the assignments were absolute, or as collateral security for payment of the drafts, was a question for the jury under proper instructions.

4. **Contract of Shipment**: INSTRUCTION. Where there was a special contract between the shipper and the carrier that the value of the goods at the point of shipment should be the measure of damages, in case of loss, an instruction fixing plaintiff's damages at the value of the goods at the point of destination, allowing no deduction for freight, was error.

5. **Conversion**: INTEREST. In cases· of conversion, the jury may allow interest, under the statute (R. S. 1889, sec. 4430); but the petition should pray for it; and if allowed, it should be calculated from the date of the conversion or wrongful delivery of the property, and not from the date of its receipt by defendant.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*Martin L. Clardy* and *Henry C. Herbel* for appellant.

The court erred in overruling defendant's demurrer to plaintiff's evidence. *Bank v. R'y*, 42 Mo. App. 291; *Dymock v. R'y*, 54 *Id.* 460; *Hurt v. Ford*, 36 S. W. Rep. 674; *Nanson v. Jacobs*, 93 Mo. 343; *City, etc., v. Bank*, 34 S. W. Rep. 90; *Skilling v. Bollman*, 73 Mo. 683; *Matheny v. Mason, Id.* 683; *Idahoe case*, 93 U. S. 575; R. S. Mo. 1889, secs. 744, 745. The instruction given by the court of its own motion is erroneous. *Kauffman v. Christophel*, 62 Mo. App. 100; *Ittner v. Hughes,* 34 S. W. Rep. 1113; *Gay v. Tielmeyer*, 64 Mo. App. 112; *Schroeder v. R'y*, 108 Mo. 326; *Ashby v. Shaw*, 82 *Id.* 81; *Nanson v. Jacobs*, 93 Mo. 343; *Caples v. R'y*, 17 Mo. App. 15.

The court erred in refusing to give the instructions asked by defendant. *City, etc., v. Bank*, 34 S. W. Rep. 90; *Bank v. R'y*, 42 Mo. App. 291.

The judgment and verdict are excessive. *Caples v. R'y*, 17 Mo. App. 15.

*Frank M. Estes* and *Robert M. Foster* for respondent.

The demurrer interposed by defendant to plaintiff's evidence was properly overruled. *Bank v. R'y*, 132 Mo. 492; *Hendricks v. Evans*, 46 Mo. App. 313.

The instructions given by the court of its own motion correctly state the law. *Clough v. Holden*, 115 Mo. 364; *Reichenbach v. Ellerbe, Id.* 595; *Magaffin v. R'y*, 102 *Id.* 543; *Scharff v. Meyer*, 133 *Id.* 428.

The instructions offered by defendant were erroneous. *Duvenick v. R'y*, 57 Mo. App. 550; *Rogan v. R'y*, 51 *Id.* 665; *Scharff v. Meyer, supra.*

A bill of lading is both a receipt and a contract. The receipt may be contradicted, the contract can not. Lawson on Con. of Car. 132; Ray, Neg. Imp. Duties Frt. Car., secs. 25, 136, 139, 143.

An as effective transfer of ownership and right to possession may be made by the transfer of the bill of lading as can be made by a physical delivery of the goods themselves. · 2 Am. & Eng. Ency. Law, 240; *Means v. Bank*, 146 U. S. 627; *Conard v. Ins. Co.*, 1 Pet. 386; *Dows v. Bank*, 91 U. S. 618.

When the defendant failed to deliver the goods in accordance with the terms of the contract it took upon itself the burden of proving that the consignor was not the true owner of the goods when the contract was entered into, and that it did make delivery to the true owner. *Wolff v. R'y*, 93 Mo. 473; *Colgate v. Pa. Co.*, 102 N. Y. 120; *Bank v. R. R.*, 106 *Id.* 195, 579; *Idaho* case, 93 U. S. 575.

BLAND, P. J.—The respondent as trustee for the Bank of Helena, First National Bank and the People's Savings Bank and Trust Company, all of Helena, Arkansas, under attachment proceedings against the J. H. Batchelder Egg Case Company (a Missouri corporation) became the owner and took possession of a mill, a leasehold, a lot of timber and other material in Phillips county, Arkansas, which by consent of the parties in interest on the eighth day of October, 1890, he sold to

J. H. Batchelder Manufacturing Company (an Arkansas corporation) for $8,000 cash paid and seven notes of the company, the first six for $4,000 each, and the last for $950 due as follows:    The first, three months after date, the next five notes respectively in four, five, six, seven and eight months after date, and the last, the $950, in ten months after date.    By the contract of sale it was agreed that in case of default by the purchaser of payment of any of the notes, etc., the agreement of sale and purchase should become of no effect, and that Horner should be released from executing the contract, all payments made should be forfeited to him, and that the company should return to him the possession of the mill and other property not theretofore paid for.    The company further agreed to pay taxes, insurance and rents for the grounds, due from the J. H. Batchelder Egg Case Company, and to become thereafter due.    On the second of February, 1891, this contract as to the times· of payment of the notes then unpaid was modified, and it was agreed that as each of the notes become due, that $1,000 should be paid thereon and accrued interest, and that the balance should be paid in equal weekly installments of $1,000, with interest from maturity at ten per cent.    On April 25, 1891, J. H. Batchelder Manufacturing Company delivered to appellant one car load of lumber, consigned to J. H. Batchelder Manufacturing Company, care of Samuel Cupples & Company at St. Louis, Missouri, and received therefor the appellant's bill of lading.    On May 4, 1891, two other carloads of lumber were delivered to appellant, and two other bills of lading in all respect like the first except as to date, were given to J. H. Batchelder Manufacturing Company.    Each of these bills of lading was indorsed with rubber script stamp, "J. H.

Batchelder Mfg. Co." To the first bill of lading was attached the following draft:

(1)

(Stamped) This draft is not to be accepted and paid until arrival of goods. Bank will notify and hold until goods arrive.

BATCHELDER EGG CASE CO.,

$420.00.           Helena, Ark., April 25, 1891.

On arrival and inspection of car number 12382, pay to the order of Bank of Helena

Four hundred twenty $\frac{00}{100}$ dollars.

Value received and charge to account of

(Stamped)         J. H. BATCHELDER MFG. CO.

*To J. H. Batchelder Mfg. Co.:*

No. 231. St. Louis, Mo.

Stamped on face: Bank of Helena, No. 4361, Helena, Ark.

Indorsed on back: Pay Laclede National Bank, St. Louis, Mo., or order, for account of Bank of Helena, Helena, Ark.

S. H. HORNER, Cashier.

To the second bill of lading was attached the following draft:

(2)

(Stamped) This draft is not to be accepted and paid until arrival of goods. Bank will notify and hold until goods arrive.   BATCHELDER EGG CASE CO.

$———            Helena, Ark., 5/4, 189
    4377

On arrival and inspection car No. 12342, pay to the order of Bank of Helena

Four hundred twenty and $\frac{00}{100}$ dollars.

Value received and charge to account of

(Stamped)         J. H. BATCHELDER MFG. CO.

(Signed)          J. H. BATCHELDER, Pres.

*To J. H. Batchelder Mfg. Co.:*
No. 239. St. Louis, Mo.

Indorsed on back: Pay Laclede National Bank, St. Louis, Mo., or order, for account of Bank of Helena, Helena, Ark.          S. H. HORNER, Cashier.

This draft was attached to bill of lading dated May 4, 1891, car 12342 M. O. P.

And to the third bill of lading was attached the following draft:

(3)

(Stamped)   This draft is not to be accepted and paid until arrival of goods.  Bank will notify and hold until goods arrive and marked in pencil at top 5/5.

BATCHELDER EGG CASE CO.

$————

4378.                    Helena, Ark.,  .  .  189

On arrival and inspection car No. 8447, pay to the order of Bank of Helena

Four hundred twenty-five and $\frac{00}{100}$ dollars.

Value received and charge to account of

(Stamped)      J. H. BATCHELDER MFG. CO.

(Signed)       J. H. BATCHELDER, Pres.

*To J. H. Batchelder Mfg. Co.:*
No. 240.  St. Louis, Mo.

Indorsed on back:  Pay Laclede National Bank, St. Louis, Mo., or order, for account of Bank of Helena, Helena, Ark.          S. H. HORNER, Cashier.

This draft was attached to bill of lading dated May 4, '91, car 8447, S. L. I. M.

These bills of lading and drafts thereto attached were delivered to Horner, and by him to the Bank of Helena for collection, or were delivered to the bank for him.  The bank forwarded the drafts and bills of lad-

ing to the Laclede Bank at St. Louis. They were never, paid. The three car loads of lumber were delivered to the J. H. Batchelder Manufacturing Company by the appellant, before any demand was made by Horner for the lumber, and were delivered by the appellant without the production and surrender of any of the bills of lading. On June 6, 1891, Horner came to St. Louis and demanded the lumber of the appellant and also the value which was denied him. The drafts were given to be applied as credits on the indebtedness of J. H. Batchelder Manufacturing Company to Horner. Whether such credits were actually given, does not clearly appear from the evidence in the record. The evidence of J. H. Batchelder placed the value of the three car loads of lumber at Helena at $484.50, according to the invoice of the contents of each load.

The recovery in this case was for $810.78. The evidence of Horner placed the value of the stuff at a considerable higher figure than did that of J. H. Batchelder, but he did not know either the kind, quality, or quantity of lumber that was shipped, and his evidence for that reason was not entitled to much weight.

In the progress of the trial counsel for appellant objected to the introduction of the bills of lading, for the reason that the statutes of Arkansas required such assignments to be in writing. The statute relied upon was introduced in evidence and provides, among other things, that bills of lading * * * "shall be and are hereby made negotiable by written indorsement thereon and delivery in the same manner as bills of exchange and promissory notes." The word writing, in law, not only means words traced with a pen or stamped, but printed or engraved or made legible by any other device. *Henshal v. Foster,* 9 Pick. 312. The stamp of the name J. H. Batchelder Mfg. Co. on the

BILLS of lading: assignment by indorsement with stamp: sufficiency of.

back of the bills of lading and their delivery in that condition was a full compliance with the statute, and the court ruled correctly in overruling the objection to the testimony.

In the second and third counts of the petition the dates of shipment and of the bills of lading were averred to be on the twenty-fifth day of April.

PLEADING: evidence: surprise.

The bills of lading offered in support of these counts were dated May 4, 1892. The numbers of the cars in which the shipments were made were correctly stated, and we do not see that the appellant could have been taken by surprise by the error in the dates. However, the respondent should have been required to amend his petition as to the dates of the bills of lading, and given the appellant an opportunity to make his affidavit of surprise, if he had been so advised.

The court refused all instructions asked by appellant and gave the following for respondent:

"Gentlemen of the jury: In the view which the court takes as to the law applicable to this case, plaintiff is entitled to recover and your verdict should be in favor of the plaintiff; the only question for you to determine is the amount of damages to which the plaintiff is entitled; as to this, the court instructs you to find a verdict in favor of the plaintiff for such sum as you may believe from the evidence to have been the reasonable market value of the three car loads of lumber which are the subject of this action, in the city of St. Louis at the time the same were delivered by the defendant without a surrender of bills of lading read in evidence and issued by the defendant for said car loads of lumber, which according to the evidence was some time between the arrival of said cars in the city of St. Louis and June 6, 1891, when possession thereof was demanded by the plaintiff; and to such value you

may, if you see fit, add interest at the rate of six per cent per annum, from July 3, 1891, to this date.

"But you must state in your verdict separately the amount you may find with respect of each separate car load of lumber as mentioned in the bills of lading which have been read to you, as the same are stated separately in the three separate counts of the petition, viz.:

"1. On the first count such sum as you may find from the evidence to have been such value of the lumber in the car mentioned in the bill of lading designated in the evidence as 'Exhibit A,' and dated April 25, 1891.

"2. On the second count such sum as you may find from the evidence to have been the value of the lumber mentioned in the bill of lading designated in the evidence as 'Exhibit B,' and dated May 4, 1891.

"3. On the third count such sum as you may find from the evidence to have been the value of the lumber mentioned in the bill of lading, designated in the evidence as 'Exhibit C,' dated May 4, 1891.

"And if you think fit to add interest to the value of said lumber as above mentioned, you should add the same separately to the value you find of each car load as above directed.

"To which action of the court in giving said instruction to the jury, defendant at the time duly excepted."

"As has been stated, it appears only inferentially that any credit on the indebtedness was given J. H. Batchelder Manufacturing Company for the drafts and bills of lading. If none was actually given, and as no cash was paid for them, then the bills were but collateral security for the drafts, and the legal title to the lumber did not pass to Horner by the transaction. *Kauffman Lumber Company v. Christopher*, 62 Mo. App.

BILLS of lading: assignment absolute, or collateral: evidence: jury question.

98; *Ittner v. Hughes*, 133 Mo. 679. Under the evidence we think the question whether the assignments were absolute or as collateral security to secure the payment of drafts should have been submitted to the jury under proper instructions. All the averments of the petition essential to a recovery were put in issue by the answer, which was a general denial, and it was peculiarly for the jury to pass on all these issues regardless of the fact that the appellant offered no evidence and that the evidence was all one way. *Gregory v. Chambers*, 78 Mo. 298; *Schroeder v. C. & A. R'y Co.*, 108 Mo. *loc. cit.* 326–327; *Gay v. Tielkemeyer*, 64 Mo. App. 112. The several bills of lading contained this clause: "In the event of the loss of the property under the provisions of this agreement, the value or cost of the same at the point of shipment shall govern the settlement." The general rule, in cases like this is, that the value of the goods at the point of destination, less freight and other reasonable charges, shall be the measure of damages, but where the shipper and carrier by the terms of the contract of shipment agree that the value at the point of shipment shall be the measure of damages, in case of loss, the general rule must yield to the special agreement. *Caples v. Railway*, 17 Mo. App. 15; *Rogan v. Railway*, 51 Mo. App. *loc. cit.* 672. The instruction given by the court fixed the measure of respondent's damages at the value of the lumber at St. Louis, the

CONTRACT of shipment: instruction.

place of destination, allowing no deduction for freight. This was palpable error. Section 4430, Revised Statutes 1889, permits the jury to allow interest in cases of this kind for the conversion of property, but we think the petition should ask for it. The recovery was

CONVERSION: interest.

largely in excess of the amount prayed for, and is in excess of what the evidence warranted. If interest is allowed it should be calculated

from the date of the conversion or wrongful delivery of the lumber, and not from the date it was received by the appellant at Helena, Arkansas. Judgment reversed and cause remanded. All concur.