KEEL v. CONSTRUCTION COMPANY.

(Filed December 22, 1906).

*Building Contracts — Entire — Payable by Instalments — Building Destroyed Before Completion—Rights of Parties —Unendorsed Notes as Collateral.*

1. Where one contracts with the owner of a lot to furnish all the materials and build and construct a house thereon for a certain price, the contract being entire and indivisible, if the structure, before completion, is destroyed by fire, without fault on the part of the owner, and the contractor, being given the opportunity, refuses to proceed further, he is liable to refund any money which may have been paid him on the contract, and also for damages for its non-performance.

2. If the contract price of the building is to be paid by instalments on the completion of certain specified portions of the work, each instalment becomes a debt due to the builder as the particular portion specified is completed; and if the house is destroyed by accident, the employer would be bound to pay the instalment then due, but would not be responsible for any intermediate work and labor and materials.

3. Where the contract to build a completed house is not entire and indivisible, but only a contract to do a part of the work and furnish part of the material, the owner or some independent contractor, having undertaken, or being bound, to do some substantial portion of the work: if the structure is destroyed by fire or other inevitable accident, before completion, in such case the parties are relieved from further performance, and the contractor is ordinarily allowed to recover for what he has done, over and above the amount which may have been paid him.

4. Where a contract for building a house, to be completed by a certain date, provided for the payment of an instalment when the "walls have been erected to the second story," and the instalment was paid, and thereafter the building, before completion, was destroyed by fire without fault on the part of the contractor or owner, the owner is not entitled to recover this instalment, nor any part of it, nor is the contractor entitled to recover the value of the walls left standing.

5. Where a contract for building a house, to be completed by a specified date, provided for the execution by the owner of certain notes and mortgage to mature after the date specified for the completion of the building, and the notes and mortgages were executed, but the building was accidentally destroyed by fire before its completion, the owner is entitled to have the notes and mortgages in the hands of a bank, without endorsement, as collateral for money advanced the contractor, delivered up and canceled.

ACTION by X. T. Keel against East Carolina Stone and Construction Company, heard by *Judge James L. Webb* and a jury, at the August Term, 1906, of the Superior Court of WAYNE.

There was evidence tending to show that defendant contracted and agreed to furnish material and build and construct for plaintiff, on a lot owned by plaintiff, in Mount Olive, N. C., a three-story building, at a contract price of $5,950, according to dimensions and stipulations set forth in the contract; said building to be completed on or before 1 August, 1905.

That on 22 August, 1905, when the house was erected to a point where the roof was about half covered, this store-house was accidentally, and without fault on the part of plaintiff or defendant, destroyed by fire.

That plaintiff, described as party of the second part in the contract, agreed to pay for the building, as follows:

"The said party of the second part agrees to pay the said sum of $5,950, as follows: $950 when the walls of said building shall have been erected to the second story; $1,000 when said building shall have been covered; $1,000 on 1 August, 1906; $1,000 on 1 August, 1907; $1,000 on 1 August, 1908, and $1,000 on 1 August, 1909; said last four payments of $1,000 each to be evidenced by four notes, drawing interest from August, 1905, at the rate of 6 per cent. per annum, secured by first mortgage on said land and premises hereinbefore referred to. And the said party of the first part hereby

stipulates and guarantees that it will complete the erection as per contract, of said building, on or before 1 August, 1905."

That plaintiff executed and delivered the four notes for $1,000 each in March, 1905, in accordance with the terms of the contract; and when the walls of the building had been erected to the second story, plaintiff paid the defendant the $950 as per stipulation.

That these notes had been deposited by defendant company with the National Bank of Goldsboro as collateral for money advanced by the bank to defendant company, and so held by said bank without endorsement.

That the defendant company had failed and refused to go on and complete the building; and the value to plaintiff of the walls left standing on the lot after the fire was $500.

On these facts admitted and established by the verdict of the jury, the Court entered judgment as follows:

"It is thereupon, on motion of counsel for the plaintiff, considered and adjudged by the Court, that the defendants, The East Carolina Stone and Construction Company and the National Bank of Goldsboro, cancel and deliver up the four notes of one thousand dollars each, executed by the said X. T. Keel to the said East Carolina Stone and Construction Company, and the mortgage securing the payment of the same, and that the plaintiff, X. T. Keel, recover of the defendant, The East Carolina Stone and Construction Company, the sum of four hundred and fifty dollars ($450) and the costs of this action, to be taxed by the Clerk.

"It is further considered, ordered and adjudged by the Court, that the restraining order herein be made perpetual."

Both plaintiff and defendant excepted, the defendant alone perfecting his appeal.

*Aycock & Daniels* and *M. T. Dickson* for the plaintiff.
*Dortch & Barham* and *W. C. Munroe* for the defendant.

HOKE, J., after stating the case: When one contracts with the owner of a lot to furnish all the materials and build and construct a house thereon for a certain price, the contract being entire and indivisible, if the structure, before completion, is destroyed by fire, without fault on the part of the owner, and the contractor, being given the opportunity, refuses to proceed further: in such case, he is liable to refund any money which may have been paid him on the contract, and also for damages for its non-performance. *Brewer v. Tysor,* 48 N. C., 181; *Lawing v. Rintles,* 97 N. C., 350; Beach's Modern Law of Contracts, sec. 232, citing *Thompkins v. Dudly,* 25 N. Y., 272.

And this principle will not be affected by the fact that the money is to be paid by instalments, if the price is entire for a completed building and these instalments are arbitrary and fixed without any regard to the value or any distinctive portion of the work done. *School Trustees v. Barrett,* 27 N. J. Law.

But if the contract is divisible and severable; if the price is not entire for a completed building, but is payable by instalments, these instalments being fixed with regard to the value of the work done, or as certain portions of same are finished: in that event, if the structure be destroyed by inevitable accident, "the builder is entitled to recover for the instalments which have been fully earned," but it seems that he has no claim for a proportional part of the next instalment which has been only partially earned. *Brewer v. Tysor,* 50 N. C., 173; Beach Modern Law, citing *Richardson v. Shaw,* 1 Mo. Ap., 234.

In this well-considered case, *Laws, Judge,* delivering the opinion, says:

"The true principle which controls such a case as this is clearly stated in Addison on Contracts, 452: 'If the contract price of the building is to be paid by instalments on the

completion of certain specified portions of the work, each instalment becomes a debt due to the builder as the particular portion specified is completed; and if the house is destroyed by accident, the employer would be bound to pay the instalment then due, but would not be responsible for any intermediate work and labor and materials.' "

It has been further held that where the contract to build a completed house is not entire and indivisible, but only a contract to do a part of the work and furnish part of the material, the owner, or some independent contractor, having undertaken, or being bound, to do some substantial portion of the work: if the structure is destroyed by fire or other inevitable accident, before completion, in such case the parties are relieved from further performance, and the contractor is ordinarily allowed to recover for what he has done, over and above the amount which may have been paid him. *Cook v. McCabe,* 53 Wis., 250; *Butterfield v. Byron,* 153 Mass., 517.

In the cases just cited and others of like import, by the nature of the agreement, both parties contracted with reference only to the one particular building, and evidently contemplated its continued existence. On its destruction, therefore, both sides are absolved from further obligation concerning it. The methods of adjustment in such circumstance are not pursued, because the modification of the general rule suggested by these cases does not apply to the one we are considering, and the cases are only referred to because they are mentioned, and to some extent relied on, in the argument in chief of the defendants' counsel.

In the contract before us the stipulations for payment by instalments are clearly made with reference to distinct portions of the work as it progressed; and the contract, therefore, is not entire, but divisible; and applying the principles above stated and pertinent to this inquiry, we hold that when the

143—28

walls of the building had reached the second story, by the express terms of the instrument the $950 was due and owing. This much had been earned, and plaintiff had no right to recover it back, nor any part of it; and the judgment, therefore, of $450 entered against defendant, being predicated upon a right to recover back the payment, is erroneous and must be set aside.

Nothing is due the defendant, however, by reason of the verdict of the jury, to the effect that the walls, as they stood after the fire, were worth $500 to plaintiff. This is what the $950 was chiefly paid for; and being greater in value than the walls, nothing is due defendant on that account.

The $1,000 to be due when the building should be covered has not been paid and was never earned, and no question about it is involved in this suit.

The four notes for $1,000 each executed and outstanding, and now in the hands of the National Bank, were to be paid only after the building was completed. They were in no sense a payment, but by the express terms of the contract, and by the presumption of the law, they were only given in evidence of the obligation, and the mortgage, as security for these notes when they matured.

The amount represented and evidenced by these notes has never been earned and was never due by the contract, and the plaintiff is entitled to have them, and the mortgage given to secure them, delivered up and canceled.

True they are in the hands of the bank as collateral for money advanced to defendant; but they are held without endorsement and are subject to defenses and equities available against the payee. *Mayers v. McRimmon,* 140 N. C., 640.

The judgment, therefore, as to these notes and the mortgage is correct, and the same is affirmed.

Modified and Affirmed.