### MANUFACTURERS' COMMERCIAL CO. v. BLITZ.

(Supreme Court, Appellate Division, First Department.   March 5, 1909.)

1. CORPORATIONS (§ 673*)—NATURE AND FORM—PRESUMPTIONS.

 A foreign corporation, organized to buy and sell accounts, make contracts, and purchase outstandings, will be assumed, in the absence of proof to the contrary, to be a stock corporation.

 [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2650; Dec. Dig. § 673.*]

2. CORPORATIONS (§ 661*)—FOREIGN CORPORATIONS—RIGHT TO SUE—LICENSE—PROOF.

 Unless a foreign corporation, doing business in New York, has obtained the license required by General Corporation Law (Laws 1892, p. 1805, c. 687) § 15, before making a contract within the state, neither the corporation nor its assignee can maintain an action thereon in New York.

 [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2539, 2543, 2544, 2546, 2563–2567; Dec. Dig. § 661.*]

3. CORPORATIONS (§ 673*)—FOREIGN CORPORATIONS—ACTIONS—LICENSE TO DO BUSINESS—BURDEN OF PROOF.

 In an action by an assignee of a foreign corporation on a New York contract, the burden is on the plaintiff to prove that the corporation ob-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tained a license to do business before making the contract, as required by General Corporation Law (Laws 1892, p. 1805, c. 687) § 15.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2558; Dec. Dig. § 673.*]

4. BILLS AND NOTES (§ 330*) — TRANSFER WITHOUT INDORSEMENT—"HOLDER IN DUE COURSE."

Under Negotiable Instruments Law (Laws 1897, p. 731, c. 612) § 79, providing that, where the holder of an instrument payable to his order transfers it for value without indorsing it, the transferee obtains such title as the transferror had, an assignment of a note payable to a foreign corporation or order, without indorsement, does not make the assignee a holder in due course, as defined by Negotiable Instruments Law, §§ 2, 60, 61, 91, and 98.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 794; Dec. Dig. § 330.*

For other definitions, see Words and Phrases, vol. 4, p. 3320.]

Appeal from Trial Term, New York County.

Action by the Manufacturers' Commercial Company against Henry Blitz. From a judgment for plaintiff on a directed verdict, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Alfred Epstein, for appellant.
Elbridge L. Adams, for respondent.

HOUGHTON, J. The action is upon a promissory note given by the defendant June 10, 1904, to the Manufacturers' Commercial Company, a New Jersey corporation, or order, payable in one year. The plaintiff, bearing the same name, is a New York corporation, and is the successor of the New Jersey corporation, and the complaint alleges that it is the owner of the note in suit by assignment and transfer. This allegation of the complaint was admitted by the defendant's answer. The note does not bear the indorsement of the payee, but was produced upon the trial by the plaintiff; and it is fair to assume, from such evidence as appears, that the plaintiff was organized for the purpose of taking over the assets of the foreign corporation and succeeding to its business, and that it took over such assets, including the note in suit. The business of the plaintiff, which is the same as that carried on by its predecessor, which it took over, is described as being that of "buying and selling accounts, making contracts, and purchasing outstandings." From the nature of such business, and in the absence of proof to the contrary, it must be assumed that the New Jersey company was a stock corporation. The note is dated at the city of New York, and is payable at the office of the corporation in said city. By the express provisions of section 76 of the negotiable instruments law (Laws 1897, p. 731, c. 612) an instrument is presumed to have been made where it is dated, and hence the contract upon which the suit is brought must be assumed to have been made in this state.

It was neither alleged in the complaint nor proved upon the trial that the New Jersey corporation had obtained the certificate permit-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ting it to do business in this state according to the requirements of section 15 of the general corporation law (Laws 1892, p. 1805, c. 687, amended by Laws 1901, p. 1326, c. 538, § 1). At the close of the plaintiff's case the defendant moved to dismiss the complaint on the ground that the plaintiff had failed to allege and prove the obtaining of such certificate. This motion was denied, and on request of the plaintiff the court directed a verdict against the defendant. Plaintiff not having proved that its predecessor, the payee of the note, had obtained such certificate, could not maintain as assignee an action thereon in this state. A foreign stock corporation doing business in this state must allege and prove that it had obtained the license to do business provided by section 15 of the general corporation law prior to the making of the contract upon which the action is brought, and if it fails to do this neither it nor the assignee can maintain any action on such contract. South Bay Company v. Howey, 190 N. Y. 240, 83 N. E. 26; Welsbach Co. v. Norwich Gas Co., 180 N. Y. 533, 72 N. E. 1152. Proof of compliance with section 15 of the general corporation law must be made by the plaintiff, and in that respect it differs from proof of noncompliance with section 181 of the tax law (Laws 1896, p. 856, c. 908, amended by Laws 1901, p. 1364, c. 538, § 1), which is a matter of defense, and must be pleaded and proved by the defendant (Halsey v. Jewett Dramatic Co., 190 N. Y. 231, 83 N. E. 25, 123 Am. St. Rep. 546).

The learned counsel for the respondent concedes that the law is as stated, but insists that the plaintiff comes within the exception pointed out in Halsey v. Jewett Dramatic Co., supra, in that this action is brought upon a negotiable instrument taken from the foreign corporation in good faith and before maturity. There is no proof in the record that the plaintiff took the note before maturity. The plaintiff holds the note, and has possession of it, and produced it upon the trial. The plaintiff is not, however, the payee, nor the indorsee, because the original payee never indorsed it over to the plaintiff by actual indorsement. Section 79 of the negotiable instruments law provides, that where the holder of an instrument payable to his order transfers it for value with indorsing it, the transferee obtains such title as the transferror had; but for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made. Such indorsement never having been made, plaintiff cannot be deemed to be a holder in due course, as defined by sections 2, 60, 61, 91, and 98 of the negotiable instruments law. The plaintiff, therefore, failed to prove that it was the holder of the note in suit and took it in good faith before maturity, and did not bring itself within the exception stated in Halsey v. Jewett Dramatic Co., supra, so as to relieve it from proving that its transferror or assignor, the New Jersey corporation, held a certificate permitting it to do business in this state.

The omission to make such proof being in our judgment fatal, the judgment was erroneous, and must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.