## Foster's Admr. v. Metcalfe.

(Decided June 21, 1911.)

### Appeal from Lincoln Circuit Court.

1. **Lost Instrument—Action On—Indemnifying Bond.**—Section 7, Civil Code for the tender of an indemnifying bond, before action is brought upon an instrument transferable by delivery merely, applies only to such instruments as bills of exchange, or negotiable paper, which the holder takes free of defenses good between the original parties.

2. **Bills and Notes—Holder in Due Course.**—The holder of a note payable to order and not endorsed is not a holder in due course.

J. B. PAXTON, ROBERT HARDING and EMMETT V. PURYEAR for appellant.

ROBERT T. QUISENBERRY, W. J. PRICE and J. W. ALCORN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On December 5th, 1904, Thomas Metcalfe executed and delivered to Thomas J. Foster his promissory note, by which he agreed and promised to pay, one year thereafter, to the order of said Foster the sum of $2,000.00, with interest thereon at the rate of five per cent. per annum from date until paid. No part of this note was paid, except the interest thereon up to December 5th, 1907.

On January 19th, 1906, Thomas Metcalfe executed and delivered to Thomas J. Foster a certain promissory note, by which he agreed and promised to pay, one year thereafter, to said Foster, or his order, the sum of $3,-500.00, with interest thereon at the rate of five per cent. per annum from date until paid. No part of this note has been paid, except the interest thereon up to January 20th, 1907.

Thomas J. Foster having died, J. B. Foster qualified as his administrator by taking the oath and executing the bond required by law. On October 10th, 1910, J. B. Foster, as administrator of Thomas J. Foster, brought this action against Thomas Metcalfe to recover on the two notes above referred to. It was charged in the petition and the amended petition that each of the notes sued

on had been lost or destroyed without fraud on the part of appellant or his intestate.

On November 7th, 1910, the appellee, Thomas Metcalfe, moved the court to require appellant to fill the blanks in his petition and to grant a rule against appellant to show cause why he should not verify his petition, and also moved to dismiss the petition for want of verification. The motion to fill blanks and to verify was sustained. Thereupon the appellee moved to dismiss the action because it was brought without a previous tender by appellant of an indemnifying bond, with good surety, as required by section 7 of the Civil Code.

This motion was sustained and the action dismissed without prejudice, and the appellee was given judgment for his costs. From that judgment this appeal is prosecuted.

Section 7 of the Civil Code, provides:

"An ordinary or equitable action may be brought upon a bill of exchange, or a note or other obligation, or upon an indorsement or assignment thereof, which, or upon a judgment the record of which, is lost, destroyed, mutilated, or defaced, without fraud on the part of the plaintiff, or of those under whom he claims. But no action shall be brought upon an instrument transferable by delivery, merely, which is alleged to be lost, destroyed, mutilated, or defaced, without a previous tender by the plaintiff to the defendant, if his name and place of residence be known to the plaintiff, of an indemnifying bond, with good surety; nor shall judgment be given against the defendant, in such action, until such bond is given, with good surety approved by the court."

Construing that portion of this section requiring an indemnifying bond, this court held that only such instruments were referred to as bills of exchange or negotiable paper which the holder takes free of defenses good between the original parties. (Hill's Adm'r v. Grizzard, &c., 133 Ky., 816.) It does not appear that the notes sued upon were endorsed by Thos. J. Foster. That being true, the question arises: Would a party holding the notes without an endorsement take them free from defenses?

Section 30 of the negotiable instruments act is as follows:

"An instrument is negotiated when it is transferred from one person to another in such manner as to con-

stitute the transferee the holder thereof; if payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the endorsement of the holder, completed by delivery."

Section 49 of that act provides:

"Where the holder of an instrument payable to his order transfers it for value without endorsing it, the transfer vests in the transferee such title as the transferer had therein, and the transferee acquires, in addition, the right to have the endorsement of the transferrer. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the endorsement is actually made."

From the foregoing it will be seen that an instrument payable to order is negotiated by the endorsement of the holder, completed by delivery, and that although a holder of an instrument payable to his order may transfer it for value without endorsing it, and thus vest in the transferee such title as the transferrer had within, together with the additional right to have the endorsement of the transferrer, yet for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the endorsement is actually made.

Section 49, supra, is the same as section 79 of the negotiable instruments law of the State of New York. In construing this section the Appellate Division of the Supreme Court of that State, in the case of Manufacturers Commercial Co. v. Blitz, 115 N. Y., Supp., 402 used the following language:

"The plaintiff holds the note and has possession of it, and produced it upon the trial. The plaintiff is not, however, the payee nor the endorsee, because the original payee never endorsed it over to plaintiff by actual endorsement. Section 79 of the negotiable instruments law provides that, where the holder of an instrument payable to his order transfers it for value without endorsing it, the transferee obtains such title as the transferrer has; but, for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the endorsement is actually made. Such endorsement never having been made, plaintiff can not be deemed to be a holder in due

course as defined by sections 2 60, 61, 91 and 98 of the negotiable instruments law.''

And in the case of Mayers v. McRimmon, 140 N. C., 640, the court said:

''The depositions of both the plaintiff and general manager of the Continental Jewelry Co. were received in the court below, and they both testified that the notes had been discounted to the plaintiff by the company before maturity, for value, and without notice, but neither stated that the instruments had been endorsed under any such circumstances. In the absence of such proof, the plaintiff, then, as stated, is only the equitable owner holding the instruments subject to any valid defense open to the maker, and the evidence offered by the defendants tending to establish such a defense should have been received. There is nothing in our statute on negotiable instruments which contravenes this principle. On the contrary, every part of the statute bearing on the subject declares and sustains it. This statute, enacted in 1899, with a view of introducing some uniformity in this important feature of the law-merchant, is in the main only a compendium of established custom concerning negotiable instruments as construed and applied in the best considered decisions of the courts And both before and since its enactment, it has been held that to constitute a holder in due course of a negotiable instrument payable to order, it is always required that the same should be endorsed, other requirements may, under given conditions, be dispensed with, but endorsement of such an instrument is essential. Thus, in The Revisal, section 2198, it is provided that 'where the holder of an instrument payable to his order transfers it for value without endorsing it, the transfer vests in the transferee such title as the transferrer had therein, and the transferee acquires, in addition, the right to have the endorsement of the transferrer. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the endorsement is actually made.' And section 2208, relied upon by the plaintiff, is to like effect: 'Every holder is deemed prima facie a holder in due course,' etc. By the very definition established in the act, a 'holder' of such an instrument, one payable to order, must be a holder by endorsement. Thus in section 2340, it is declared 'a holder means the payee or endorsee of a bill or note who

is in possession of it, or the bearer thereof.' And 'bearer' is defined to be 'the person in possession of a bill or note which is payable to the bearer.' "

Considering section 49 of our act in connection with the other sections, we see no reason why the interpretation placed upon it by the courts of New York and North Carolina should not be followed: and we, therefore, conclude that the holder of a note payable to order and not endorsed, is not a holder in due course. That being true, it follows that the notes sued upon, not being endorsed, were not transferable so as to cut off all defenses between the parties. It also follows that no tender of an indemnifying bond before bringing suit was necessary.

Judgment reversed and cause remanded, with directions to set aside the order dismissing the petition.