Landis v. White.

# W. H. LANDIS *v.* WHITE BROS.*

## (*Nashville.* December Term, 1912.)

1. **BILLS AND NOTES. Transfer without indorsement passes the title subject to defenses against transferrer.**

 Where the holder of an instrument transfers it for value, without indorsing it, the transfer vests in the transferee such title as the transferrer had therein, but subject to defenses good against the transferrer; and a failure of consideration is a good defense. (*Post, p.* 506.)

 Acts cited and construed: Acts 1899, ch. 94, sec. 49.

 Cases cited and approved: Marling v. Fitzgerald, 138 Wis., 93; Manufacturers' Commercial Co. v. Blitz, 131 App. Div., 17.

2. **DIMINUTION OF RECORD. Petition to rehear upon suggestion of, may be rejected by court of civil appeals, and its such discretionary action will not be reviewed by supreme court, when.**

 Where the court of civil appeals declines to grant a petition for a rehearing, based upon the ground of a suggested diminution of the record, the supreme court will not review such action of that court, nor interfere with its determination, where the ends of justice have been attained; for that court exercises its discretion (under rule 26 of both courts) as to whether a suggestion of diminution shall be allowed after its final decree. (*Post, pp.* 507, 508.)

 Case cited and approved: Gass v. Waterhouse, 61 S. W., 450.

### FROM SEQUATCHIE.

*As to the right of a transferee, without indorsement, of bill or note payable or indorsed to order of transferrer, to protection as a bona fide purchaser, see note in 17 L. R. A. (N. S.), 1105.

Appeal from the Chancery Court of Sequatchie County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— T. M. McCONNELL, Chancellor.

SOLON L. ROBINSON, for complainant.

STEWART & STEWART, for defendant.

———

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the complainant to recover on three promissory notes executed by White Bros. in favor of the Western Manufacturing Company of Minneapolis, and claimed to have been transferred in due course of trade by that company to the complainant, Landis.

The notes were given in payment for certain jewelry bought by the defendants of the Western Manufacturing Company. This jewelry was sold under a guaranty that it was rolled gold plate, and would last a certain length of time, and otherwise prove satisfactory to defendants' trade. It turned out to be worthless, and the defendants could not handle it at all. They made complaint to the Western Manufacturing Company, but that concern refused to make any adjustment of matters, and notified defendants that the notes had been transferred to a broker in Minneapolis. Suit was brought by this broker, the complainant, Landis, and he was given a decree against defendants by the chancellor. The court of civil appeals reversed this decree and dismissed the bill.

The latter court based its decree on the fact that the notes sued on by Landis appeared to have been transferred to him without any indorsement by the Western Manufacturing Company.

Section 49 of the Negotiable Instruments Law, chapter 94 of the Acts of 1899, provided: "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferrer had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferrer. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made."

The court of civil appeals properly found from the record in this case that the consideration for which the notes were given had failed, and that defendants could successfully have resisted payment thereof in a suit brought by the Western Manufacturing Company itself. Under the statute just quoted, where the notes were transferred without indorsement, the transferee, the complainant here, stood in the same attitude in which the transferrer would have stood, had the suit been brought by the latter.

A defense, good against the transferrer, is likewise good against a transferee without indorsement. Complainant was therefore not entitled to any recovery. *Marling* v. *Fitzgerald,* 138 Wis., 93, 120 N. W., 388, 23 L. R. A. (N. S.), 177, 131 Am. St. Rep., 1003; *Manufacturers' Commercial Co.* v. *Blitz,* 131 App. Div., 17, 115 N. Y. Supp., 402.

Landis v. White.

After the case was decided by the court of civil appeals, a petition for a rehearing was filed, in which a diminution of the record was suggested, and complainant sought to make it appear that the notes sued on had in reality been indorsed by the WesternManufacturing Company; but, owing to an error of the clerk below in making out the transcript, such indorsement failed to appear on the copies of the notes sent up.

The court of civil appeals declined to grant this petition, and reaffirmed its original decree and this action is here assigned as error. We do not feel disposed to review the action of the court of civil appeals in this respect.

Rule 26 of this court (89 Tenn., 777, 17 S. W., vii), also a rule of practice of the court of civil appeals, is as follows:

"Suggestions of diminution of record shall be made before the cause is called for trial, and at such time as gives opportunity to have the record perfected for the hearing, or the imperfection of the record will be waived: Provided, however, that any amendment thus supplied, brought before the court before the cause is finally disposed of after hearing, may be considered."

Under this rule, it is a matter within the discretion of the court of civil appeals as to whether a suggestion of diminution shall be allowed after the case is disposed of. If in the exercise of its discretion that court declines to permit the record to be amended after its final decree, we will not in such a case interfere, at least where we conclude from an examination of the entire case that the ends of justice have been attained.

In the case of *Gass* v. *Waterhouse*, 61 S. W., 450, the court of chancery appeals held that it would not remand a case to permit corrections in the record, upon suggestion of diminution coming after decision, where no actual injustice had been done the parties. On appeal, this court affirmed the court of chancery appeals.

In this case, upon the facts developed, it is extremely doubtful whether the complainant herein was in reality a *bona fide* purchaser of these notes for value, and we are not inclined to disturb the judgment of the court of civil appeals, inasmuch as we are of opinion that the equity of the case has been reached.

The petition for *certiorari* will therefore be denied.