In re HOME FURNITURE CO., Inc.*

(District Court, N. D. California, S. D. January Term, 1925.)

No. 13037.

1. Bills and notes ⟜318 — Assignee without indorsement of negotiable instrument payable to order takes subject to equities.

Under Civ. Code Cal. §§ 3111, 3130, 3133, 3138, 3266, assignee without indorsement of negotiable instrument payable to order takes subject to equities against the assignor arising before notice of assignment.

2. Bills and Notes ⟜330 — Assignee of notes not indorsed as collateral security takes subject to equities.

In view of Civ. Code Cal. §§ 3111, 3130, 3133, 3138, 3266, relating to transfer of bills and notes, and defining term "holder," and section 3108, providing that holder is deemed holder for value to extent of lien, one taking unindorsed notes by assignment as collateral security, takes subject to any defenses that would have been good against assignor.

In Bankruptcy. In the matter of the Home Furniture Company, Inc., bankrupt. Petition for review of referee's order allowing claim of May E. Chappell. Referee instructed to hear evidence and make findings.

Walter D. Mansfield and Ernest J. Torregano, both of San Francisco, Cal., for trustee.

Harry A. Gee, of Vallejo, Cal., and C. A. Linn, of San Francisco, Cal., for claimant.

*Petition to revise order dismissed —— F.(2d) ——.

KERRIGAN, District Judge. [1] This is a petition for review of the referee's order allowing the claim of May E. Chappell. The facts, briefly stated, are that the Home Furniture Company, the bankrupt herein, executed two promissory notes, amounting to $5,500, to "A. A. Chamberlain, trustee, or order." Chamberlain subsequently assigned these two notes, without indorsing them, to May E. Chappell. This transfer was accompanied by a written instrument signed by Chamberlain, in which it was stated that the notes were given and transferred "all as security for said May E. Chappell for indorsing my note in favor of the First National Bank of Vallejo in the principal sum of $5,000." Unquestionably, therefore, the notes were assigned to Mrs. Chappell as collateral security for her indorsement of Chamberlain's note to the bank.

Section 3130 of the Civil Code of California provides that: "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferer had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferer. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made." In construing section 79 of the Negotiable Instruments Law of New York (Consol. Laws, c. 38), which is the same as section 3130, Civil Code, supra, the court said: "The plaintiff holds the note, and has possession of it, and produced it upon the trial. The plaintiff is not, however, the payee nor the indorsee, because the original payee never indorsed it over to the plaintiff by actual indorsement. Section 79 of the Negotiable Instruments Law provides that, where the holder of an instrument payable to his order transfers it for value without indorsing it, the transferee obtains such title as the transferer had; but for the purpose of determining whether the transferee is a holder in due course the negotiation takes effect as of the time when the indorsement is actually made. Such indorsement never having been made, plaintiff cannot be deemed to be a holder in due course, as defined by sections 2, 60, 61, 91 and 98 of the Negotiable Instruments Law." (These latter sections are all part of the Uniform Negotiable Instruments Law, which is found in sections 3082-3268 of the Civil Code of California.) Manufacturers' Commercial Co. v. Blitz, 131 App. Div. 17, 115 N. Y. S. 402.

Section 3266 of the Civil Code defines a holder to be "the payee, or indorsee of a bill or note, who is in possession of it, or the bearer thereof." In the same section a "bearer" is defined to be a person in possession of a bill or note which is payable to bearer. Manifestly, therefore, the assignee without indorsement cannot be a 'holder,' because he is neither payee, indorsee, or bearer. Construing the sections just quoted, with section 3111, which provides that an "instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery"—and sections 3133 and 3138 of the Civil Code, which define and describe the rights of a holder in due course, it is seen that the Negotiable Instruments Law clearly contemplates a distinction between a "holder" who takes by negotiation, and a "transferee" by assignment. That distinction is, so far as we are here concerned, that the assignee without indorsement of a negotiable instrument payable to order takes it subject to equities against the assignor arising before notice of the assignment. Brannen, Negotiable Instruments, p. 157; Manufacturers' Commercial Co. v. Blitz, supra; Foster's Adm'r v. Metcalfe, 144 Ky. 385, 138 S. W. 314; Mayers v. McRimmon, 140 N. C. 640, 53 S. E. 447, 111 Am. St. Rep. 879 (these latter cases decided under the N. I. L.)

[2] If, therefore, claimant had purchased the notes in question, the bankrupt would be entitled to urge any defenses against her claim that would have been good against her assignor, Chamberlain. Is claimant in any better position by reason of the fact that she took the notes by way of collateral security? Section 3108 of the Civil Code provides that, where "the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien." This section must be read in connection with the sections above quoted, defining the term "holder"; that is, the pledgee is only protected fully where the note is transferred by indorsement. Without section 3108, just quoted, there would be some question whether a pledgee was a holder for "value." In other words, I conclude that the claimant is in exactly the same position, whether she took the notes as a pledgee or as a purchaser for value. This view is supported by

what little authority there is on the question. In Joyce, Defenses to Commercial Paper, § 555, it is said: "Notes delivered by a debtor to a creditor without the indorsement as collateral security for money advanced to defendant are subject to defenses and equities provable against the payee." See, also, Keel v. East Carolina Stone & Const. Co., 143 N. C. 429, 55 S. E. 826.

In accordance with the views expressed in the above memorandum, the referee is hereby instructed to hear evidence and make findings as to whether or not there was, and now is, a good and valid defense against said A. A. Chamberlain, claimant's assignor to said two notes.