MARION WOOD, Plaintiff, *v.* JOHN W. BENJAMIN, Defendant.

Supreme Court, Queens County, September 9, 1932.

*Max Lapides,* for the motion.

*Herman N. Schwartz,* opposed.

CUFF, J. Action is on a note given as part payment on a contract to sell real estate. It seems that defendant, a land company in Florida, entered into an agreement pursuant to which defendant was to purchase certain land, paying for it partly in cash and partly by the note sued upon. The land company was to make specified improvements. The fraud charged is that the land company, the payee on the note, knew that it would not be able financially to perform its promises; that the land was not dry; that a " fine house " could not be erected upon the land without further improvement; that the land was not near stores, etc.; that the price to be paid was not below the reasonable value of the land — all of which the land company affirmatively represented in the contract.

The complaint alleges that the note was transferred for value before maturity to one Jockemus, who assigned it to plaintiff. The latter claims that a defense of fraud, being unavailable against Jockemus, an innocent holder in due course, cannot be interposed against such holder's assignee — the plaintiff. But defendant denies by his answer that Jockemus was a holder in due course, and in substance asserts that he knew of the note's infirmities. Plaintiff does not claim to be a holder in due course, except as she inherits that status from Jockemus. Plaintiff argues that defendant could have seen if the land was dry, if it would support " a fine house " without further improvement, and if the price was below its reasonable value. That argument presumes that defendant was in or near Florida at the time when he signed the contract. There is no enlightenment in the pleadings as to that. Plaintiff would have the court infer it. He asserts that the note was Florida dated; that a note is presumed to have been made where it is dated; that defendant must have been in Florida at the time he signed it; therefore, he should have inspected the premises. There is such a presumption (Neg. Inst. Law, § 30; *Manufacturers' Commercial Co.* v. *Blitz*, 131 App. Div. 17), but it has its limitations. It does not extend to locating the maker of the note for all purposes. It has to do with the *lex loci contractus*, and nothing more. The theory that, because the note was Florida dated, the maker was physically present in Florida at the time of the signing, cannot be accepted. No attempt is made to answer (except that plaintiff is a holder in due course) the charge of fraud that, at the time the representations were made, plaintiff knew it had not and never would have sufficient funds to carry out the promises set forth in the agreement. Even if the defendant were in Florida at the time, there was no way that he could " see " that representation. The second defense cannot be dismissed as a matter of law.

Motion denied.