**In re C.H. BUTCHER, Jr., Debtor.**

**James R. MARTIN, Trustee, Plaintiff,**

**v.**

**Victor DEFENDEFER, Defendant.**

Bankruptcy No. 3–83–01008.
Adv. No. 3–85–1169.

United States Bankruptcy Court,
E.D. Tennessee.

Sept. 9, 1987.

Weinberger, Weinstock, Sagner, Stevan & Harris, P.A., Neal S. Melnick, Baltimore, Md., James R. Moore, Knoxville, Tenn., for plaintiff.

McCampbell & Young, J. Christopher Kirk, Knoxville, Tenn., for defendant.

## MEMORANDUM

RICHARD S. STAIR, Jr., Bankruptcy Judge.

At issue is whether the maker of a note with a claim against the original payee can set off that claim against an assignee where the original payee filed bankruptcy before notice of the assignment was given to the maker. Contending that plaintiff is not a holder in due course, defendant, the maker of the note, insists plaintiff holds

---

1. Defendant's name is incorrectly spelled in the caption of the complaint.

the note subject to all defenses which would be available in an action on a simple contract. Tenn. Code Ann. § 47–3–306(b) (1979). Plaintiff concedes he is not a holder in due course but insists an absence of mutual obligations precludes setoff. Alternatively, plaintiff contends setoff is not permitted, because during the ninety-day period preceding the bankruptcy of the original payee defendant incurred an indebtedness to the original payee, insolvent at the time, for the purpose of obtaining a right of setoff. 11 U.S.C.A. § 553(a)(3) (West 1979).

## I

Plaintiff James R. Martin is the trustee in bankruptcy for C.H. Butcher, Jr. On September 9, 1985, plaintiff filed his complaint seeking judgment on a promissory note, together with interest and attorney fees, which he holds by assignment. The payee of the note is Southern Industrial Banking Corporation (SIBC). Defendant Victor Defenderfer[1] admits he executed the note held by plaintiff. However, insisting he is entitled to set off an investment certificate issued to him by SIBC, defendant denies that plaintiff is entitled to any recovery.

This is not a core proceeding. 28 U.S.C.A. § 157(b) (West Supp.1987). However, the parties have consented to the entry of judgment by this court. 28 U.S.C.A. § 157(c)(2) (West Supp.1987).

The facts have been stipulated:

(1) On January 24, 1983, defendant executed a promissory note payable to SIBC in the amount of $23,364.21. The promissory note was payable in full on June 12, 1983, with interest.

(2) On January 24, 1983, defendant also executed a security agreement in favor of SIBC pledging investment certificate No. 043492, issued by SIBC in the principal amount of $23,245.47, as security for the promissory note. The investment certificate, dated December 12, 1982, matured on June 12, 1983, with interest.

(3) On February 15, 1983, SIBC transferred, sold, and assigned to C.H. Butcher, Jr. the promissory note and the security agreement, along with numerous other notes and assets, all pursuant to a Master Loan Purchase Agreement.

(4) The defendant received no notice of the transfer, sale, and assignment of the promissory note and security agreement from SIBC to Butcher.

(5) On March 7, 1983, Butcher sold, assigned, and transferred the promissory note and security agreement to the Union County Bank, along with various other assets.

(6) On March 10, 1983, SIBC filed a voluntary Chapter 11 petition for reorganization.

(7) On April 15, 1983, defendant was notified by Union County Bank of the assignment and transfer of the promissory note to Union County Bank.

(8) On June 24, 1983, an involuntary petition was filed against Butcher pursuant to 11 U.S.C. § 303. An order for relief was entered July 15, 1983.

(9) On February 10, 1984, pursuant to a joint application for compromise and settlement, this court entered an order approving the transfer of the promissory note and security agreement from Union County Bank to the plaintiff, as trustee for the bankruptcy estate of Butcher.

(10) On the date of the transfer of the promissory note and security agreement from Butcher to the Union County Bank, Butcher was insolvent.

(11) Butcher was a director of SIBC when it filed its petition in bankruptcy.

(12) The certificate of deposit which defendant pledged as security for the promissory note was purchased by defendant on December 12, 1982, and was the result of a "roll-over" of previous certificates of deposit owned by defendant, which certificates were originally purchased on or before July 1, 1982. On numerous other occasions the defendant had borrowed money from SIBC and secured such borrowings using SIBC investment certificates. The borrowing represented by the promissory note occurred in the normal course of defendant's personal financial transactions and was specifically utilized to enable certain of defendant's family members to purchase residential housing.

(13) The total amount due under the promissory note as of its maturity date was $23,364.21. The promissory note bears interest at the rate of eighteen (18) percent per annum after default and provides for the payment of reasonable attorneys' fees incurred in its collection.

## II

Plaintiff concedes he does not have the rights of a holder in due course. Tenn. Code Ann. § 47–3–306 (1979) enacts in part:

*Rights of one not holder in due course.* —Unless he has the rights of a holder in due course any person takes the instrument subject to:

.    .    .    .    .

(b) all defenses of any party which would be available in an action on a simple contract; and

. . . .

Defendant contends setoff is clearly a defense to a simple contract action and that plaintiff, a mere holder of the defendant's note, is subject to defendant's setoff rights against SIBC. According to plaintiff, defendant has a claim against SIBC but he is indebted to plaintiff as trustee of the C.H. Butcher, Jr. estate; hence, setoff is not permissible due to a lack of mutual obligations. Defendant agrees his claim is against SIBC, but he insists his debt (evidenced by his note) is also owed to SIBC.

*Olsen-Frankman Livestock Mktg. Serv., Inc. v. Citizens Nat'l Bank,* 605 F.2d 1082 (8th Cir.1979), involved an action by a livestock commission company against a bank for damages for fraudulent misrepresentation of a cattle seller's financial condition. The livestock company (obligor) contended that but for the false representation of the bank it could have stopped payment on two checks to the insolvent seller (obligee), held by the bank (assignee-holder), and set off a previous debt of its seller. The court of

appeals held that under Minnesota law an obligor on a negotiable instrument may set off an existing obligation owed to the obligor by the obligee on the instrument as against a holder not in due course. The opinion recites in part:

> Under the [Minnesota] setoff statute, the transfer of a negotiable instrument to one not a holder in due course occurs "* * * without prejudice to any set-off or defense existing at the time or before notice of the assignment[.]"

*Olsen-Frankman Livestock Mktg. Serv.*, 605 F.2d at 1087. *Contra Bank Of Wyandotte v. Woodrow*, 394 F.Supp. 550, 556 (W.D.Mo.1975) (obligation arising from collateral transactions between parties to an instrument may not be set off against holder not in due course).

The law of Tennessee is the applicable law in this adversary proceeding. The parties have not cited and the court's research has not disclosed any decision on point involving Tenn. Code Ann. § 47–3–306(b) (1979).

■ As a general rule, an assignee of a chose in action takes the same subject to all defenses available against the assignor at the time of the assignment. *Breedlove v. Stump*, 11 Tenn. (3 Yer.) 257 (1830). *See also Ahrens & Ott Mfg. v. George Moore & Sons*, 131 Tenn. 191, 174 S.W. 270 (1915) (assignee of non-negotiable instrument holds subject to setoff and counterclaims of obligor). This adversary proceeding, however, involves an unendorsed negotiable instrument past due when acquired by plaintiff.

In *Gatewood v. Denton*, 40 Tenn. (3 Head) 380 (1859), the court sustained a setoff defense against the assignee of a promissory note. The "due from date" note, dated September 13, 1854, was executed by Henry Gatewood in favor of Benjamin Gatewood. Thereafter, but prior to assignment of the note, Benjamin Gatewood became indebted to Henry Gatewood in an amount exceeding the note amount.

When the assignee brought suit to enforce the note, Henry Gatewood asserted a setoff defense based on his claim against Benjamin Gatewood (assignor of the demand note). The court's opinion recites in part:

> [T]he right of set-off ... was fixed and complete, in the defendant [Henry Gatewood], previous to and at the time of the assignment of the note, and could not have been resisted by the original party—the assignor [Benjamin Gatewood]. And this is all that is requisite to entitle the defendant [Henry Gatewood] to a set-off against the plaintiff [Denton], who, by taking the note after it was due, holds it subject to every equitable defence that might be set up against the payee [Benjamin Gatewood].

*Gatewood v. Denton*, 40 Tenn. (3 Head) at 382.

In reaching this conclusion, the *Gatewood* court relied upon former section 2918 of the Tennessee Code, which permitted a defendant to plead by way of setoff or cross action "any equities between the defendant and the original party under whom the plaintiff claims, which by law have attached to the demand in the plaintiff's hands, and for which the defendant would be entitled to a recovery against the original party." This provision remained in the Tennessee Code until repealed in 1972, after the effective date (January 1, 1971) of Tenn.R.Civ.P. 13 permitting counterclaims and cross-claims.[2]

Less than ten years later, the Tennessee Supreme Court held that section 2918 does not permit the setoff of a separate demand against a joint demand. *Turbeville v. Broach*, 45 Tenn. (4 Cold.) 270 (1868). Discussing the *Gatewood* decision, the court stated:

> "This construction of the statute [section 2918], we think, is carrying the doctrine of set-off to its utmost limits...." *Turbeville v. Broach*, 45 Tenn. (4 Cold.) at 272.[3]

In *Landis v. White Bros.*, 127 Tenn. 504, 152 S.W. 1031 (1913), a transferee of three

---

**2.** See Tenn. Code Ann. § 20–1001(4) (Bobbs Merrill 1955 & Supp. 1979) (repealed 1972).

**3.** *Cf. Catron v. Cross*, 50 Tenn. (3 Heisk.) 584 (1871), an action to enforce an equitable setoff.

Catron was one of three judgment debtors on a judgment in favor of Nolen, who assigned the judgment for a valuable consideration to Cross. Notice of the assignment was given to Catron. When an execution issued Catron filed a bill to

promissory notes transferred without endorsement sought to enforce payment of the notes. The obligors refused to pay because the consideration for their notes (certain jewelry) proved to be worthless. Under the Negotiable Instruments Law the transferee of the notes transferred without endorsement acquired such title as his transferor enjoyed. Because the obligor's defense against the transferor of the notes was equally good against the transferee without endorsement, enforcement of the notes was denied. *See also Doughty—Stevens Co. v. Greene County Union Bank,* 172 Tenn. 323, 112 S.W.2d 13 (1938) (certificate of deposit subject to issuer's setoff rights where transferee of certificate of deposit had notice of setoff rights prior to valid endorsement of certificate).

In *Nolan Bros. Lumber Co. v. Dudley Lumber Co.,* 128 Tenn. 11, 156 S.W. 465 (1913), the court held that an assignee of an account receivable was subject to the account debtor's setoff rights against the insolvent assignor. Nolan Bros. Lumber Company was insolvent when it executed its promissory note to Dudley Lumber. Prior to the note's maturity date, Dudley discounted the note to, and endorsed the same in favor of, a Michigan bank. Thereafter, Nolan Bros. sold lumber to Dudley on a credit basis; Nolan Bros. assigned its account receivable from Dudley to a Tennessee bank, which gave notice of the assignment. When Nolan Bros. defaulted on its note to Dudley, under its obligation as an endorser, Dudley reacquired the note

from the Michigan bank. When the account receivable came due Dudley set off the amount of the Nolan Bros.' note indebtedness; Dudley tendered the difference between the account and the note to the assignee Tennessee bank. The bank declined to accept Dudley's payment and sued for the full amount owing on the account. Allowing the setoff, the court noted: "We have not here an effort to set off a demand purchased or acquired after the assignment, but the enforcement of a right that antedated the assignment." *Nolan Bros. Lumber Co. v. Dudley Lumber Co.,* 128 Tenn. at 17, 156 S.W. at 467. *See also Nashville Trust Co. v. Fourth Nat'l Bank,* 91 Tenn. 336, 354, 18 S.W. 822, 826 (1892) (insolvency is a good ground for equitable setoff even though the indebtedness on one side is not due).

■ As previously noted, plaintiff does not have the rights of a holder in due course. His rights are limited to those of a holder holding an unendorsed note, past due when acquired by him subsequent to the SIBC bankruptcy filing. Plaintiff holds the note subject to any setoff right of the defendant. Tenn. Code Ann. § 47–3–306(b) (1979); *Nolan Bros. Lumber Co. v. Dudley Lumber Co.,* 128 Tenn. 111, 156 S.W. 465 (1913); *Landis v. White Bros.,* 127 Tenn. 504, 152 S.W. 1031 (1913). The question remains whether setoff is permitted under 11 U.S.C.A. § 553 (West 1979).[4]

### III

■ Section 553 of Title 11 of the United States Code enacts in relevant part:

---

enjoin the execution on the ground that Nolen, the judgment-creditor assignor, was insolvent at the time of the assignment, and indebted to him. The court refused to permit Catron to set off his claims against Nolen as against Cross, an assignee for a valuable consideration. The court said that *Gatewood* and section 2918 had no application to the relief sought by Catron. The opinion provides in part:

We think the claim of complainant should be repelled in this case, on the principle that the party had purchased *bona fide,* for valuable consideration, was a holder of the judgment, with no notice of any equities—the judgment remaining in full force and effect at the time—and, therefore no active relief should be granted in a court of equity against him.

*Catron v. Cross,* 50 Tenn. (3 Heisk.) at 587.

**4.** *Cf. Valentine v. Bank of Commerce (In re Southern Indus. Banking Corp.),* 63 B.R. 331 (Bankr.E.D.Tenn.1986) (obligors on note to SIBC failed to prove allegation that their note was sold prior to SIBC's bankruptcy filing for the purpose of defeating their setoff rights based on an investment certificate). In *Valentine,* this court said: "On the SIBC bankruptcy petition date plaintiffs were not entitled to setoff their claim against SIBC, based on the $100,000.00 investment certificate, against their note indebtedness because FTB [First Tennessee Bank], not SIBC, held their note." 63 B.R. at 335. It is not apparent from the opinion whether First Tennessee Bank had the rights of a holder in due course. In any event, the statement is dictum.

**Setoff**

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—

. . . . .

(3) the debt owed to the debtor by such creditor was incurred by such creditor—

(A) after 90 days before the date of the filing of the petition;

(B) while the debtor was insolvent; and

(C) for the purpose of obtaining a right of setoff against the debtor.

. . . .

11 U.S.C.A. § 553 (West 1979).

Contrary to plaintiff's contention this adversary proceeding involves mutual obligations. Defendant is indebted on a prepetition promissory note payable to SIBC, and he has a prepetition claim against SIBC based on his investment certificate.

Defendant's debt to the debtor (SIBC) was incurred on January 24, 1983, after ninety (90) days before the SIBC petition filing date. Since defendant concedes SIBC was insolvent when he incurred his debt to SIBC, the only issue is whether he incurred the debt for the purpose of obtaining a right of setoff against SIBC. § 553(a)(3)(C).

Bankruptcy Judge Clive W. Bare, speaking for this court, has previously considered the statutory phrase "for the purpose of obtaining a right of setoff" found in § 553(a)(3)(C):

Under the former Bankruptcy Act, a creditor could not set off claims against the bankrupt acquired by the creditor "with a view to such use and with knowledge or notice that such bankrupt was insolvent or had committed an act of bankruptcy." 11 U.S.C.A. § 108(b) (re-pealed 1978). The Bankruptcy Code modifies this limitation

to apply to a claim acquired within three months before the case at a time when the debtor was insolvent, without regard to knowledge or notice of insolvency on the part of the creditor, and adds a phrase, codifying case law, to expand the ... limitation to the situation where a creditor incurs a debt to the debtor rather than merely acquires a claim.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 185, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6145.

■ Section 553(a)(3) does not require, then, any showing that the creditor knew that the debtor was insolvent when the creditor incurred the debt to the debtor. Rather, *the determinative inquiry is only whether the creditor, at the time of incurring the debt to the debtor, intended to apply that debt to offset the debtor's debt to the creditor.*

*DuVoisin v. Foster (In re Southern Indus. Banking Corp.),* 48 B.R. 306, 309 (Bankr.E.D.Tenn.1985), *aff'd,* 809 F.2d 329 (6th Cir.1987) (emphasis added).

In *DuVoisin v. Foster,* six weeks before the maturity date of his investment certificates, defendant Foster borrowed $470,-000.00 from SIBC and executed his promissory note. Foster's note was scheduled to come due on the same date his investment certificates were to mature. Foster assigned his investment certificates to SIBC to secure the short-term loan. SIBC filed its bankruptcy petition twelve days prior to the due date of Foster's loan. Thereafter, Foster tendered a check for $14,956.02, the difference between his note debt and the face value of his investment certificates with interest, in full satisfaction of his $470,000.00 promissory note. Declining to set off the investment certificates, the SIBC trustee returned Foster's check. Foster denied any personal knowledge of SIBC's financial difficulty at the time he took out the $470,000.00 loan. He testified that he borrowed the funds to pay another loan debt coming due at the time of the SIBC loan. However, Foster admitted in his answer that "it was his intention upon

maturity of the promissory note and the investment certificates to apply the proceeds of such investment certificates to the amount then payable to Southern Industrial Banking Corporation...." Acknowledging this admission, the Sixth Circuit Court of Appeals affirmed Judge Bare's decision disallowing the setoff:

> ■ We conclude that it was not clearly erroneous to infer from the above facts, taking into account particularly the timing of the loan request and Mr. Foster's sophistication in the banking business, that Mr. Foster purposely intended to set off the bank's debt to him by arranging the loan [from SIBC]....

*DuVoisin v. Foster,* 809 F.2d at 332.

Plaintiff insists the conclusion that defendant incurred his debt to SIBC for the purpose of obtaining a setoff is inescapable. Defendant contends the only evidence of his purpose established in the record is found in the parties' stipulation that he incurred the debt in the normal course of his business "to enable certain of defendant's family members to purchase residential housing."

Section 553(a)(3) is designed "to prevent a creditor from intentionally incurring a debt to the debtor within the 90 day period in order to obtain a greater proportion of repayment of debts owed to the creditor than other creditors of its class." *Arctic Enter., Inc. v. Devine Harley Davidson Sales (In re Arctic Enter., Inc.),* 21 B.R. 215, 217 (Bankr.D.Minn.1982). Unlike *DuVoisin v. Foster,* there is no admission of defendant's intention when he borrowed money from, and executed his $23,364.21 note in favor of, SIBC. Further, an intention at the time of the loan to set off is not established in the present record. This court declines to presume such intent solely from the parties' stipulation.

Accordingly, § 553(a)(3)(C) is not a bar to defendant's setoff of his SIBC investment certificate against his note to SIBC.

This Memorandum constitutes findings of fact and conclusions of law. Fed.R. Bankr.P. 7052.