*195
 
 Battle, J.
 

 The bill is filed tinder the act'of 1'8’52,'ch. 50, which is embraced in the Rev.. Code, ch. 7, -sec. from 20 to 426, both inclusive, and its purpose is to attach til's .personal effects of the defendant, Wisdom, an absent debtor,in the hands ■of the defendant, Jerry Smith, who is the administrator of 'a ■deceased son of the said Wisdom, and to subject them to the payment of a debt claimed to be due to the plaintifftas a resident creditor. The defendant, Henderson Smith, was made a party, because he claimed to be a purchaser for value, of the interest of the defendant, Wisdom, in the estate i'n question, before the filing of the bill; and the plaintiff seeks to impeach the conveyance made to him, on the ground of fraud, ■or to convert him into a trustee on account of the circumstan■ces under which his alleged purchase was made.
 

 The counsel for the defendant, in this Court, resist the claim Upon four grounds,' which we will consider in the order in Which they have been presented to us:
 

 1. The first ground of exception is, that the debt or demand •of tlie plaintiff, is not stated in his bill with the truth and accuracy, which the law requires. "This objection is founded upon the 26 th section of the act referred to, which is in the following words: “The plaintiff shall state specifically his debt or demand, as near as he can, and shall make affidavit of the truth' of the matters contained in his bill, according to his information and belief.” The bill states that the defendant, Wisdom, is indebted to the plaintiff “in the sum of two hundred and eighteen dollars and seventeen cents, due by two notes, bearing date the 20th day of March, 1850, with interest from date,” and the truth of the matters set forth in the bill, Is sworn to by the plaintiff, according to the best of his information and belief. So far as tlie statements of the bill are concerned, it seems to ns, that the requisition -of the act has 'been strictly complied with. The amount of the debt is specified, and the manner in which it was secured is described with ■such particularity, that there is no danger of mistaking it'.— When the notes are produced and proved, it appears that one -of them was made payable to the plaintiff himself, and the
 
 *196
 
 other to one Hightower, and by him endorsed to the plaintiff; bnt, in substance and legal effect, the latter, as well as the former, was dne to the plaintiff at the time when his bill xvas filed; and the statement was true that the defendant was indebted to him in the amount of the two notes, and they xvere sufficiently described by that amount, and by the date on Avhich they were given.
 

 2. The second objection is, that the remedy provided in the act is confined to creditors residing in the State, and cannot be availed of by a citizen of the State as a mere agent, attorney or trustee for a non-resident creditor. This objection is based upon the supposition that the plaintiff was acting, as to one of the debts, as the agent or attorney of HightOAver, who it was admitted was a citizen of Tennessee. ¥e are inclined to think the objection xvould be a good one, if it were supported by the facts. The note in question, xvas undoubtedly at one time, due to Hightower, and to him alone, and the testimony shows that he then claimed it, and spoke of taking steps to have it collected; but xve afterwards find it endorsed to the plaintiff, xvhereby the legal title was clearly transferred to him. There is no evidence that it xvas not endorsed to him for his own benefit, except that Hightower at one time said in the presence of one of the witnesses, that he would leave it with the plaintiff to be collected for him. It does not appear that the latter agreed to reciveit for any such purpose, or that he knew that Hightower wished him to do so. "We find him in the. possession of the note with the ordinary legal evidence of being the oxvner, and we think the presumption must be, at least for the purposes of this suit, that he is the owner in equity, as well as at law, until the contrary is shown.
 

 3. Another objection is, that the plaintiff has not proved to the satisfaction of the Court, that the debtor had not in the State, at the filing of the bill, enough estate on which an attachment at law might have been levied, to satisfy, his debt or demand, as is required by the-24th section of the act. This fact was expressly admitted in the Court below, by the counsel for the defendant, Wisdom, and yet, his counsel in this
 
 *197
 
 Court, insists strenuously, that such admission cannot dispense with the requisition of the act — -that the fact must be proved. We cannot agree for a moment that the admission of the counsel of a party to a suit, made for the purpose of dispensing with the trouble and expense of obtaining proof of a fact, is not to be deemed satisfactory to the Court. In most other kinds of suits, it is conceded that such an admission would be taken as sufficient proof; see Greenleaf on Ev. sec. 189; but it is said that suits by attachment are not favored by the courts, and that tire proceedings in them are to be construed with great strictness. They are compared in this respeet with suits for divorce and alimony, where the facts are required to be submitted to and passed upon by a jury, “upon whose verdict and not otherwise, the court shall decree.” But' there is an «obvious distinction between cases of that kind and the present. In suits for divorce, collusion is feared, and is, therefore, specially guarded against, but in attachment suits, such collusion is about the last thing that is to be apprehended; and the admission made by counsel in them, is no more to be rejected than it would be in any suits, other than those for divorce and alimony.
 

 é. The fourth and last objection is made on behalf of the «defendant, Henderson Smith, who insists that he is the purchaser, for value, of the interest of the defendant, Wisdom, in the estate of his deceased son, which interest, the plaintiff is now seeking to subject to the payment of his debt. The •evidence of this purchase, is a deed of assignment executed in the State of Missouri, on the 18th day of September, 1856, and purporting to be made in consideration of the sum of one hundred dollars to the grantor .in hand paid, the receipt whereof is thereby acknowledged. The recital in the deed is the •only evidence of the payment of a consideration. Is that sufficient! We think that, under the circumstances, it is not.— The answer of this defendant, (the truth of which is not veri fied by affidavit, though it has not been objected to on that account,) does not distinctly aver that any money or money’s worth was paid as the price of the interest assigned to him.
 
 *198
 
 It states only, that the defendant, Wisdom, conveyed to him the interest in question “by deed properly executed, in the county of Randolph, State of Missouri, for the sum of one hundred dollars.” Whether that sum was actually paid in cash, or was only secured to be paid by a promissory note or other security for money, is not alleged. It is clearly proved that this defendant knew of the debt due to Hightower, and promised to collect or secure it for him before he procured the assignment under which he now claims the interest for himself. On this account, the plaintiff insists that if the assignment be sustained, the assignee ought to be held, in this Court, to be a trustee for him, as the- endorsee of Hightower. B.ut we cannot regard the defendant, Henderson Smith, as an assignee-at all, until- ho proves by other evidence than the mere recital in. his deed,, that he paid the price therein mentioned... He was fully apprised, that such additional' proof would be required, for it appears from an, agreement of counsel,. made at the December Ten»,. 1858, of this Court, which is .filed among the exhibits in the- cause-, that the suit was continued for the express purpose- of allowing- this, among other proofs to be made, but none such has been made, either by the admission- of counsel,, or otherwise; and, weave therefore, obliged to conclude that this defendant did not pay auy consideration for bis alleged purchase. The result is, that the conveyance executed by the- defendant, Wisdom, to him, cannot have the effect to prevent the plaintiff from having a decree for the satisfaction ■ of his debt out of the effects in the hands of the defendant, Jerry Smith, as the administrator of James Wisdom, to which the defendant, William Wisdom is entitled as sole next of kin of the intestate. The decree must be made upon the terms prescribed in the 21st and 22d sections of the 7th chapter of the Revised Code.
 

 Pee Cdkiam, Decree accordingly.