## MAYERS v. McRIMMON.

(Filed March 27, 1906).

### *Negotiable Instruments — Endorsements — Holder in Due Course—Evidence.*

1. Where the name of the drawee is stamped on the back of a draft with a rubber stamp, by one having authority to do so and with intent to endorse it, it is a valid endorsement, but does not prove itself.

2. Where the plaintiff at the trial presented the draft sued on, with the name of the drawee stamped on the back and testified that the draft had been discounted to him by the drawee before maturity for value and without notice, he is only the equitable owner, in the absence of proof that the instrument had been endorsed, and he holds it subject to any valid defense open to the maker, and it was error to exclude evidence tending to show fraud.

3. To constitute a holder in due course of a negotiable instrument payable to order, it is essential that the same shall be endorsed.

4. In an action on a draft by the plaintiff claiming to be a holder in due course, it was error to exclude evidence of the defendant tending to show that the draft had been seen at a bank unendorsed and after maturity.

ACTION by Albert W. Mayers against N. J. McRimmon and others, heard on appeal from a justice of the peace, by *Judge Fred Moore* and a jury, at the September Term, 1905, of the Superior Court of ROBESON.

The plaintiff declared on two drafts payable to the order of the Continental Jewelry Company, and accepted by the defendants, each in the sum of $16, bearing date April 19, 1904, and payable respectively ten and twelve months after date. The defendants admitting the acceptances, answered and alleged that they were obtained by false and fraudulent representation on the part of the Continental Jewelry Company in the sale of jewelry to the defendants, and also by

means of false and fraudulent warranty inducing the sale, and that the plaintiff took the notes with notice and knowledge of the defenses existing against the notes. On the trial, the plaintiff presented the drafts, and at the time each of these drafts was endorsed with rubber stamp, "Pay to the order of Albert W. Mayers, Continental Jewelry Co., Cleveland, Ohio." The plaintiff also introduced the depositions of the plaintiff and Miles F. Baxter, the general manager of said company, and both testified that the two drafts were discounted to the plaintiff before maturity for value, and without notice of any defense or offset. The defendants, contending that on the facts stated, the plaintiff was only the assignee or equitable holder, offered testimony to show false and fraudulent representation on the part of said company, inducing the purchase, damage, etc., and on objection this evidence was excluded by the court and the defendants excepted. The defendants then offered to prove that one of the defendants saw one of the drafts in the bank at Rowland, before action brought and after maturity, and at that time said draft had no endorsement on it. On objection, this evidence was excluded and the defendants excepted. The court charged the jury that if they believed the evidence, the plaintiff was entitled to recover the amount of the drafts with interest after maturity, and the defendants excepted. Verdict and judgment for the plaintiff and the defendants appealed.

No counsel for plaintiff.
*McLean, McLean & McCormick* for the defendants.

HOKE, J., after stating the case: In *Tyson v. Joyner,* 139 N. C., 69, it is held "That in an action on a note it is error to hold that the mere introduction of the note, with the name of an endorsee written on the back, is evidence of its endorsement by such endorsee so as to vest the legal title in the plaintiff and cut off any defense against the endorsee, as the signa-

tures of the endorsers, whose endorsement is required to vest the legal title, must be proved." The principle applies in any action on a negotiable instrument where an indorsement is required to vest the legal title so as to constitute the plaintiff a "holder in due course" and the endorsement is denied. In the cases suggested and in the absence of such proof, the plaintiff who presents the note is held to be the equitable owner and the same is subject to defenses or other equities of the maker against prior holders. *Tyson v. Joyner, supra.*

On the trial below the plaintiff presented the drafts, and each appear to have the name of the drawee stamped on the back with a rubber stamp. Where the name required has been so placed by one having authority to do it and with intent to endorse the instrument, the authorities hold that this is a valid endorsement. 4 Am. & Eng. Enc. (2 Ed.), 258; *Horner v. Mo. Pa. R. Co.,* 70 Mo. App., 291. The endorsement, however, does not prove itself, but must be established, as in other cases, by proper testimony.

The depositions of both the plaintiff and the general manager of the Continental Jewelry Co. were received in the court below and they both testified that the notes had been discounted to the plaintiff by the company before maturity for value and without notice, but neither stated that the instruments had been endorsed under any such circumstances. In the absence of such proof the plaintiff then, as stated, is only the equitable owner holding the instruments subject to any valid defense open to the maker, and the evidence offered by the defendants tending to establish such a defense should have been received. There is nothing in our statute on negotiable instruments which contravenes this principle. On the contrary, every part of the statute bearing on the subject declares and sustains it. This statute, enacted in 1899, with a view of introducing some uniformity in this important feature of the law-merchant, is in the main only a compendium of established custom concerning negotiable instruments, as construed and applied in the best considered decisions of the

MAYERS *v.* McRIMMON.

courts. And both before and since its enactment, it has been held that to constitute a holder in due course of a negotiable instrument payable to order, it is always required that the same should be endorsed. Other requirements may, under given conditions, be dispensed with, but endorsement of such an instrument is essential. Thus, in The Revisal, section 2198, it is provided that "Where the holder of an instrument payable to his order transfers it for value without endorsing it, the transfer vests in the transferee such title as the transferer had therein, and the transferee acquires in addition the right to have the endorsement of the transferer. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the endorsement is actually made." And section 2208, relied upon by the plaintiff, is to like effect: "Every holder is deemed *prima facie* a holder in due course," etc. By the very definition established in the act, a "holder" of such an instrument, one payable to order, must be a holder by endorsement. Thus, in section 2340 it is declared "A holder means the payee or endorsee of a bill or note who is in possesion of it, or the bearer thereof." And "bearer" is defined to be "the person in possession of a bill or note which is payable to bearer."

Even if section 2208 had the effect as contended, and it does not, even if the presumption referred to in this section should obtain, there would be error, for the presumption is rebuttable and would yield to facts established by proper testimony. The defendants offered evidence tending to show that one of the drafts had been seen at the bank in Rowland, N. C., unendorsed and after maturity, and this evidence also should have been admitted, for, if this be true, it would in any event destroy the plaintiff's alleged position as holder in due course and subject the note to any legitimate defense available.

There was error in refusing to receive and consider the evidence offered and a new trial is awarded.

New Trial.