J. S. MOON ET AL., TRADING AS MOON-TAYLOR COMPANY,
v. SAMUEL W. SIMPSON.

(Filed 8 December, 1915.)

**Bills and Notes—Indorsements—Holder in Due Course—Prima Facie Case—Purchaser for Value—Burden of Proof—Appeal and Error.**

Where there is neither allegation nor proof that the title to a negotiable instrument is defective (Revisal, secs. 2208, 2204), the holder thereof by indorsement is only required to prove the indorsement for him to be deemed *prima facie* a holder in due course (Revisal, sec. 2208) ; that is, he is *prima facie* a purchaser in good faith for value, before maturity, and without notice of any infirmity in the instrument, or of any defect in the title of the person negotiating it; and where such holder has shown such indorsement of the instrument sued on it is reversible error for the trial judge to charge the jury that the burden of proof is on him to prove by his evidence, other than by the presumption, that he had paid value for the instrument.

APPEAL by intervenor from *Lyon, J.,* at March Term, 1915, of GUILFORD.

This action was brought to recover damages sustained upon the sale of a carload of wheat by the defendant, Simpson, to the plaintiffs. On the day the action was commenced the plaintiffs procured a warrant of attachment and had the same levied on the sum of one thousand and eighty-six and twenty-seven hundredths dollars ($1,086.27), paid by the plaintiffs to the American Exchange National Bank, to cover a certain draft to which was attached a bill of lading for the purchase price of another carload of wheat. Thereafter, the Fauquier National Bank of Warrenton, Va., filed an affidavit claiming the one thousand and eighty-six and twenty-seven hundredths dollars ($1,086.27) as its property, and an order was made allowing it to intervene and set up its claim to the money.

The draft was indorsed, "Pay to the order of Fauquier National Bank, Warrenton, Va. (Signed) Samuel W. Simpson," and the bill of lading was attached thereto.

The jury returned the following verdict:

Is the Fauquier National Bank of Warrenton, Va., intervenor, the owner of the money attached in this proceeding? Answer: No.

Judgment was entered upon the verdict in favor of the plaintiffs and the intervenor appealed.

*Brooks, Sapp & Williams for plaintiffs.*
*King & Kimball for intervenor.*

ALLEN, J. The burden is upon the holder of a negotiable instrument payable to order, which has been indorsed, to prove the indorsement (*Tyson v. Joyner,* 139 N. C., 69), and when he does so he is deemed *prima facie* to be a holder in due course (Rev., sec. 2208), that is, he is deemed *prima facie* to be a purchaser in good faith for value, before maturity, and without notice of any infirmity in the instrument or of any defect in the title of the person negotiating it. Rev., sec. 2201. He is not required to prove that he paid value for the instrument, as the statute furnishes this evidence for him. The following authorities and others sustain this position: *Mfg. Co. v. Tierney,* 133 N. C., 630; *Evans v. Freeman,* 142 N. C., 61; *Trust Co. v. Bank,* 167 N. C., 261; *Bank v. Roberts,* 168 N. C., 475.

The Court said, in the *Tierney case,* of a bank holding a draft with bill of lading attached: "When, however, it introduced the draft with the bill of lading attached, and showed by the evidence of the cashier that it was in the possession of the bank, with an unrestricted indorsement, the presumption arose that it was a purchaser for value without notice of any defenses or equities of the drawee or consignee," and, in the *Trust Co. case,* "Our negotiable instrument law is simply the codification of the common law, and under both the statute and the common law the possession of a negotiable instrument by the indorsee, or by a transferee where indorsement is not necessary, imports *prima facie* that he is the lawful owner and that he acquired it before maturity, for value, in the usual course of business and without notice of any circumstances impeaching its validity. Nothing else appearing, this entitles the holder of a negotiable instrument to maintain an action upon it. By presenting the paper, in case duly indorsed, the plaintiff made out a *prima facie* case, that is, a case sufficient to justify a verdict for him on the first issue." This *prima facie* case may be rebutted.

The rule is different where it is shown that the title of the person who *negotiated the instrument* is defective (Rev., sec. 2208), and his title is defective if "he obtained the instrument or any signature thereto, by

fraud, duress or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiated it in breach of faith or under such circumstances as amount to fraud." Rev., sec. 2204.

In such case, when it is shown that the title of the person who negotiated the instrument is defective, or there is evidence of the fact, "It is necessary for a recovery by one claiming to be the holder in due course to show by the greater weight of the evidence that he acquired the title (1) before maturity; (2) in good faith for value; (3) without notice of any infirmity or defect in the title of the person negotiating it." *Mfg. Co. v. Summers,* 143 N. C., 108; *Smathers v. Hotel Co.,* 168 N. C., 69; *Bank v. Fountain,* 148 N. C., 590; *Bank v. Bronson,* 165 N. C., 344; *Bank v. Drug Co.,* 166 N. C., 100.

The intervenor bank has not had the benefit of these principles upon the trial, as there is no evidence that the title of the person who negotiated the instrument was defective, and it has produced a negotiable instrument duly indorsed, and has proved the indorsement, and his Honor placed upon the intervenor the burden of going further, and of proving to the satisfaction of the jury by evidence other than the production of the draft duly indorsed that it paid value for the draft and bill of lading, and he in no part of his charge told the jury that upon the indorsement being proved the intervenor was deemed to be a purchaser for value, nothing else appearing.

There must be a
New trial.