NEW HANOVER SHINGLE MILLS ET ALS. v. THE JOHN L. ROPER. LUMBER COMPANY ET ALS.

(Filed 26 April, 1916.)

1. Appeal and Error—Admissions of Record.

An admission entered of record in a case on appeal, as having been made on the trial in the Superior Court, that the plaintiff could not recover the lands in dispute if certain deeds in his chain of title were excluded from the evidence, is recognized in the Supreme Court, and binding upon the party making it.

2. Deeds and Conveyances—Foreign Probate—Certificates—Statutes—Evidence.

Our statute, Revisal, sec. 990, prescribing how deeds may be proven and acknowledgment and privy examination taken in other States as well as in foreign countries, must be followed, or they and the registration thereon will be declared void; and where the probate to a deed is taken by a commissioner of deeds in another State, and the certificate of the clerk of the court of that county is alone to that effect, without indication of authority of the commissioner to act therein for the State of North Carolina, the registration here upon the probate, as well as the probate, are both ineffectual, and will not be received as evidence of title.

APPEAL by plaintiff from *Connor, J.*, at October Term, 1915, of ONSLOW.

Civil action. At the close of the evidence the defendants made a motion for judgment of nonsuit. · The motion was sustained. Plaintiffs excepted and appealed.

*Rountree, Davis & Carr, G. V. Cowper, C. D. Weeks, E. M. Koonce for plaintiffs.*

*Moore & Dunn for defendant lumber company.*

*Rudolph Duffey, Frank Thompson, Herbert McClammy, McLean, Varser & McLean for defendant Foster.*

BROWN, J. In the case on appeal it is stated that when the motion for nonsuit was made at the close of plaintiffs' evidence "the plaintiffs admitted that unless all the deeds offered in evidence by them were admitted in evidence they could not recover." This is an admission of record made in the Superior Court upon the consideration by his Honor of the motion to nonsuit. It was acted upon by his Honor, and the motion granted. Such admission is binding upon the plaintiffs in this Court.

It would be unfair to the defendants as well as unjust to his Honor if we should disregard such an admission solemnly made and recorded in the case on appeal. This precludes us from considering any other source

of title than that based upon the validity of the deeds offered in evidence by the plaintiffs. It obviates the necessity of considering the sufficiency of any evidence of possession under color of title.

One of the deeds in the plaintiff's chain of title is a deed dated 22 December, 1902, from C. M. Carrier to Ralph E. Carrier. This deed was probated in the city of Buffalo, State of New York, before E. A. Kingston, "commissioner of deeds in and for Buffalo, N. Y." Attached to it is certificate by John H. Price, clerk of the courts of Erie County, the same being courts of record, certifying that the said E. A. Kingston was at the time of taking such acknowledgments a commissioner of deeds for the city of Buffalo in the county of Erie.

Upon those certificates the deed was ordered to be registered by the clerk of the Superior Court of Onslow County, North Carolina, and duly recorded by the court. Our statute, Revisal, sec. 990, prescribes how deeds may be proven and the acknowledgment and privy examinations taken in other States as well as foreign countries. There is no authority in the statute for the probate of a deed before a commissioner of deeds for Buffalo City. There is nothing in the record or upon the face of the deed tending to prove that Kingston was a commissioner for the State of North Carolina or a notary public or occupying any official position which authorized him to take probate of deeds for lands in this State.

The point is expressly decided in *Wood v. Lewey*, 153 N. C., 402. In that case the deed was acknowledged before a commissioner of deeds for the State of New Jersey, and not before some official authorized by the laws of this State to take such acknowledgment. The court declared that the probate was void and that the registration was also void.

It being admitted that this deed is a necessary link in the plaintiff's chain of title, and the probate being insufficient to authorize its registration, the motion to nonsuit was properly allowed.

Affirmed.