J. S. MOON ET AL. v. SAMUEL W. SIMPSON AND FAUQUIER NATIONAL BANK, INTERVENOR.

(Filed 22 November, 1916.)

1. **Bills and Notes—Negotiable Instruments—Indorsement—Presumptive Evidence—Trials—Questions for Jury.**

Where the holder of a negotiable draft introduces it in evidence and proves the indorsement to him, he makes out a prima facie case, which entitles him to go to the jury in his action thereon.

**2. Same—Banks and Banking—Purchaser for Value.**

> A bank intervened in attachment proceedings and claimed a draft, the subject thereof, as a holder in due course by indorsement from the defendant, its depositor; and there being no evidence that the intervenor held the draft for collection, or that the proceeds were the property of the defendant, but that he indorsed it to the bank, and received the money thereon, it is *Held*, that there is no evidence of a defect in intervenor's title thereto. Revisal, 2204.

CIVIL ACTION tried at May Term, 1916, of GUILFORD, before *Cline, J.*, upon this issue:

Is the Fauquier National Bank of Warrenton, Va., intervenor, the owner of the money attached in this proceeding? Answer: "Yes."

From the judgment rendered, plaintiffs appeal.

*Brooks, Sapp & Williams for plaintiffs.*
*King & Kimball for intervenor.*

BROWN, J. This case was before us at Fall Term, 1915, 170 N. C., 335, and is referred to for a statement of the controversy. The motion to nonsuit the intervenor was properly overruled, as the bank had introduced the draft and proved the indorsement, thereby making out a prima facie case that entitled it to go to the jury. *Moon v. Simpson, supra; Worth Co. v. Feed Co., ante,* 335.

The law applicable to this case is clearly stated by *Mr. Justice Allen* in the opinions in those two cases, and need not be repeated here. The assignments of error relating to the evidence are without merit, and need not be discussed.

In our view his Honor in the charge gave plaintiffs more than they were entitled to when he submitted the controversy to the jury as an open question as to whether intervenor's title was defective. As in the *Worth Co. case,* there is neither allegation nor proof that the title of the intervenor, which negotiated the draft, is defective within the meaning of the statute. Revisal, 2204.

There is no evidence that the intervenor held the draft for collection or that the proceeds were the property of Simpson, the indorser. On the contrary, all the evidence tends to prove that the intervenor purchased the draft and placed the proceeds to Simpson's credit, who at once drew them out.

The court might well have instructed the jury that if they believed the evidence the indorsement was properly proved, and there being no allegation or evidence of any defect in intervenor's title, it was entitled to recover.

No error.