## MIDGETTE ET AL. v. W. H. BASNIGHT.

### (Filed 21 February, 1917.)

#### 1. Bills and Notes—Indorsement—Evidence.

An indorsement on a negotiable instrument must be made thereon, or some paper attached thereto, by the indorser himself or by his duly authorized agent; and in an action thereon such indorsement does not prove itself, but the fact must be established by proper testimony. Revisal, secs. 2179, 689a, 2168.

#### 2. Same—Partnership.

In an action upon a draft cashed by the plaintiff, on which the defendant's name appears as an indorser, and which was duly protested for nonpayment, there was evidence in plaintiff's behalf tending to show that the defendant introduced the drawer to the plaintiff, saying he was all right, and to let him have any goods they might wish to purchase, and on that occasion advanced for the purpose two checks and some money; that the drawer presented the draft in controversy to the plaintiff within a week or two, with a note appearing to be from the defendant, requesting the plaintiff to cash the draft and retain for him the moneys he had advanced on the former occasion, which was done, and the moneys retained afterwards paid to the defendant; that the drawer told the defendant the plaintiffs were to cash the draft and to write the plaintiffs to retain the moneys he had advanced, and the defendant asked the drawer to write the note for him. There was evidence *per contra,* and on motion to nonsuit upon the evidence it is *Held,* it was sufficient to sustain the inference by the jury that the indorsement was made by the defendant's authority, and the motion was properly disallowed.

CIVIL ACTION tried on appeal from a justice's court before *Whedbee, J.,* and a jury, at October Term, 1916, of DARE.

The action was to recover $75, the amount of a draft which plaintiff firm had advanced on an instrument, in terms as follows:

MANTEO, 9 September, 1914.

At sight pay to order of W. H. Basnight $75, value received, and charge same to account of W. C. Weir.

(Signed)        W. C. WEIR.

*To* J. L. TREADWAY,
        Chatham, Va.

On back draft, as presented by plaintiff at the trial, appeared the following indorsements: "W. H. Basnight, Midgette & Daniels, First National Bank, Durham, N. C., Bank of Manteo, N. C.," and same duly protested for nonpayment by a notary public at Chatham, Va., and attested by his notarial seal.

Verdict and judgment for plaintiffs. Defendant excepted and appealed, assigning for error a refusal of defendant's motion for nonsuit.

*B. G. Crisp for plaintiffs.*
*W. A. Worth and S. L. Dosher for defendant.*

HOKE, J.　The facts in evidence in support of plaintiff's claim tend to show that in September, 1914, one W. C. Weir, drawer of this instrument, was in and around Manteo, engaged in inspecting timber; that about the time of his first coming Basnight had introduced him to M. L. Daniels, a member of plaintiff firm, stating he was all right and to let him have any goods they might wish to purchase, and advanced for them on that occasion to be used in buying goods two checks and $5 in money, making an indebtedness to himself of $27.60. That a week or so later Weir came to plaintiffs' store with the draft in question for $75, purporting to be indorsed by W. H. Basnight, defendant, and having also a note purporting to be signed by Basnight, asking plaintiffs to cash the draft and retain for him the $27.60, which was done, and, a day or so after, this $27.60 was paid to W. H. Basnight by M. H. Daniels for the firm. It further appeared that at the time the draft was drawn, W. C. Weir, being at the home of defendant, told the latter that plaintiffs were going to cash a draft for him for $75, and asked defendant to write a note requesting that plaintiffs retain out of the amount the $27.60 due from Weir to defendant; that defendant, not having his glasses, told Weir to write the note, which he then did, in defendant's presence, and later defendant received the $27.60 from plaintiff, as stated.

Accepting this testimony as true, and considering the same in the light most favorable to plaintiffs, the established rule on a motion to nonsuit, we think that the judgment of the lower court, in denial of such motion, is clearly correct. True, our statute on negotiable instruments provides that in order to be a valid indorsement the name must be written on the instrument itself or upon some paper attached thereto. Revisal, ch. 54, sec. 2179. Daniel on Neg. Instruments (Calvert), sec. 689a, and our decisions on the subject are to the effect that such indorsement does not prove itself, but the fact must be established by "proper testimony." *Mayers v. McRimmon,* 140 N. C., 640; *Tyson v. Joyner,* 139 N. C., 69. But the statute also provides (sec. 2168), and both provisions are in expression and affirmance of the better considered decisions on the subject, that an indorsement may be made by an agent duly authorized thereto. Revisal, ch. 54, sec. 2168. And from the facts in evidence, as heretofore stated, we think it a clearly permissible inference that the indorsement in question was made by authority of defendant and that the motion for nonsuit was, therefore, properly overruled. True, defendant denies that he indorsed the draft or authorized any one to do so for him, and he denies, also, that he wrote the note requesting payment, or that he authorized the same; but this is evidence com-

ing from defendant and tending to support his position, and may not be considered on the exceptions as presented.

We find no error in the trial. The judgment for plaintiffs is, therefore,

Affirmed.