COMMERCIAL SECURITY COMPANY v. MAIN STREET PHARMACY.

(Filed 28 November, 1917.)

1. **Bills and Notes—Negotiable Instruments—Endorser—Denial—Burden of Proof.**

   In order to constitute one a holder in due course, under the provisions of our negotiable-instrument law (Revisal, chap. 54), there must be an endorsement to that effect, excepting instruments payable to bearer; and proof of the endorsement is required when it is denied in an action on the paper.

2. **Same—Detached Paper—"Allonge."**

   Where proof of endorsement is required in an action on a negotiable instrument, it must be shown to have been made on the instrument itself. or on some paper thereto physically attached, sometimes termed on "allonge."

3. **Same—Defenses—Equities—Fraud.**

   Where one claiming to be a holder of a negotiable instrument in due course by endorsement, brings action against the maker thereof, and shows such endorsement on a detached paper, without evidence of its having been attached, or as to the intermediate endorsements, the defendant may set up any equities he may have against the original payee; and where fraud or misrepresentations in its procurement is established, no recovery thereon can be had.

CIVIL ACTION, tried before *Kerr, J.,* and a jury, at March Term, 1917, of DURHAM.

The action was to recover on seven promissory notes, of $125 each, all due at time of action commenced, executed by defendant to the American Manufacturing Company, and of which plaintiff claimed to be the endorsee and holder in due course.

Defendant denied that plaintiff was endorsee or holder in due course; alleged that the notes were procured by fraud and misrepresentation on the part of the payee, and plead further that the notes sued on were part and parcel of one and the same transaction in which another note of $125 had been given, making eight notes in all, and that in an action brought by plaintiff on the first of the services, before a justice of the peace, on plea of fraud and misrepresentation, duly made, the issue was determined in defendant's favor, and defendant pleads the finding and judgment in that action as an estoppel and bar to recovery in this.

On issues submitted, the jury rendered the following verdict:

1. Did the defendant, or its agent, execute the promissory notes which are the subject of this action? Yes.

2. Were the said notes secured from defendant by means of fraud and false representations on the part of American Manufacturing Company? Yes.

3. Did plaintiff purchase said notes and hold same in due course, as alleged in the complaint? No.

4. In what amount, if any, is defendant indebted to plaintiff? Nothing.

5. Is the plaintiff in this action estopped by the issues and judgment thereon in the former action between the same parties, same being entitled "Commercial Security Company v. Main Street Pharmacy Company," and being No. 1437 of the civil issue docket of the Superior Court of Durham County? Yes.

*Sykes & Tilley and Fuller, Reade & Fuller for plaintiff.*
*Bryant & Brogden for defendant.*

HOKE, J. Our decisions construing the statute on negotiable instruments (chapter 54 of the Revisal) are to the effect that, except in case of instruments payable to bearer, in order to constitute one a holder in due course, there should be an endorsement, and when such fact is denied, as it is in this instance, the same must be established by proper proof. *Bank v. Clark,* 172 N. C., 268; *Park v. Exum,* 156 N. C., 228-230; *Myers v. Petty,* 153 N. C., 462; *Mayers v. McRimmon,* 140 N. C., 640; *Tyson v. Joyner,* 139 N. C., 69. On this subject, the statute in question (section 2179) requires that an endorsement must be written on the instrument itself, or on some paper attached thereto. This attached paper, sometimes termed an "allonge," was resorted to when, from the great number of signatures or the style of the chirography, there was no longer room on the instrument for writing the endorsement; and while in the better-considered decisions this lack of room is not considered of the substance, it is an essential of the requirement that the paper be physically attached or that it should have been when the endorsement was made, and that an assignment or transfer on a separate paper will not suffice. *Midgette v. Basnight,* 173 N. C., 18; *Crosby v. Roub et al.,* 16 Wis., 645; Huffcut on Negotiable Instruments, 21, 348, 350; Norton on Bills and Notes, 105; Daniels on Negotiable Instruments (6th Ed., per Calvert), secs. 689a-690.

Considering the record in view of these principles, we find no facts in evidence tending to show that there has ever been a valid endorsement of these notes. There is no proof of the endorsements which appear on the back of the notes, nor of the dates when the same may have been made, and the written certificate put in evidence by the plaintiff, purporting to be transfer of the notes from the payee to plaintiff, was not and does not appear to have been attached to the notes or any of them. And even if testimony to the effect suggested has been overlooked by us, the credibility of the evidence would be for the jury, and his Honor com-

mitted no error, to plaintiff's prejudice certainly, in submitting the question to them for decision, and they have found that plaintiff company is not a holder in due course. *Bank v. Fountain,* 148 N. C., 590. This being true, the notes were open to any equitable defenses existent between the payee and makers; and the verdict having established further that the notes were procured by fraud and misrepresentation, no recovery thereon can be had. *Mayers v. McRimmon, supra,* and other cases cited.

The verdict on the first four issues being fully determinative of the controversy in defendant's favor, we do not pass on the question of estoppel presented in the fifth issue. The position, in proper instances, is fully recognized, and on the facts in evidence the authorities cited by defendant appear to support defendant's view of the matter. It is a doctrine, however, that requires careful restriction, and we deem it advisable to withhold decision upon it till facts in evidence may require it.

On the record, the judgment for defendant is affirmed.

No error.