WILLIAM WHITMAN, INC., v. W. H. YORK AND J. P. YORK.

(Filed 9 June, 1926.)

1. **Bills and Notes—Negotiable Instruments—Infirmities—Endorsement—Holder in Due Course—Burden of Proof.**

    Where in an action upon promissory notes appearing in form to be negotiable, it is admitted by the defendants that the notes were signed and delivered to the payee, sets up certain equities against him, and denies that the plaintiff by endorsement is the holder in due course, and the alleged infirmities of the instrument are admitted by the plaintiff, the burden is upon the plaintiff to show that he is a holder in due course, that the endorsement to him by the payee was genuine, and before maturity, in order to avoid liability as to the existing equities between the original parties. C. S., 3033, 3036, 3039, 3040.

2. **Same—Admissions.**

    Where there is an undated endorsement of an instrument negotiable in form of the name of the payee, and the maker in his answer in the action on the note denies that the plaintiff, the endorsee, was a holder in due course, and sets up certain equities, the defendant's admission that the plaintiff was the equitable holder of the instrument, cannot be held as an admission that the plaintiff was a holder in due course, or relieve the plaintiff of the burden of showing the genuineness of the endorsement, or that it was transferred before maturity.

3. **Same—Admissions—Evidence.**

    While the burden is upon the defendant, the maker of a negotiable note, to show infirmities in a negotiable instrument in an action by the plaintiff claiming as a holder in due course, the plaintiff's admission of these infirmities renders it unnecessary for defendant to offer evidence thereof. C. S., 2976.

4. **Same—Instructions.**

    Where the plaintiff in an action to recover of the maker of a note, negotiable in form, claims to be a holder in due course by the endorse-

WHITMAN v. YORK.

ment of the payee, which is denied and evidence to the contrary is intro-
duced by the defendant, but no evidence is introduced by the plaintiff
except an undated endorsement in the plaintiff's name and the date of
the maturity of the note has passed, an instruction is proper that the
jury, upon the evidence, if believed, answer the issue as to the infirmity
of the instrument, for defendant.    C. S., 3010.

5. **Bills and Notes — Negotiable Instruments — Holder — Endorser — Equities.**

A holder of a negotiable instrument without endorsement takes subject
to existing equities between prior parties thereon.

6. **Same—Actions—Judgments—Appeal and Error.**

Where by endorsement a holder takes subject to existing equities
between prior parties, but not as a holder in due course, he has his
right of action against his endorser, and a judgment requiring him to
cancel and file the instrument sued on, with the clerk, is erroneous.

APPEAL by plaintiff from *Wright, Emergency Judge,* at January
Special Term, 1926, of BURKE. No error.

Action upon two notes, executed by defendants, and payable to the
order of Paul Rubber Company.  Plaintiff alleged that it was the holder
in due course of said notes.  This allegation was denied by defendants,
who set up in their answer, in defense of plaintiff's action against them
on the notes, certain equities and defenses as against the payee; they
contended that these equities and defenses were good as against plain-
tiff, for that plaintiff was not holder of the notes, in due course.

Before the introduction of evidence, plaintiff tendered two issues;
the court, being of opinion that other issues arose upon the pleadings,
refused to submit these two issues only.  To such refusal, plaintiff ex-
cepted.  The court then announced that the following issues would be
submitted to the jury:

1. Were the two notes for $5,000 each sued on herein executed in pay-
ment of the purchase price of stock in the Paul Rubber Company, as
alleged in the answer?  Answer: ............

2. If so, has the Paul Rubber Company, or any one acting for and
in its behalf delivered or tendered to the defendants the stock in said
company for the purchase price of which the said notes were given?
Answer: ............

3. Was the defendant, J. P. York, at the time of the execution of said
notes an infant, within the age of 21?  Answer: ............

4. Were the notes sued on herein given under the terms of a condi-
tional contract for the purchase of said stock on condition that the said
contract and the notes, given in pursuance thereof should not constitute
a valid, binding contract, but the notes should be held until the defend-
ant had investigated the financial condition of the Paul Rubber Com-

pany and until W. H. York had been appointed guardian of his son, J. P. York, and had been authorized to purchase said stock and had so notified said company or its salesmen, alleged in the answer? Answer: ...... .....

5. If so, did the Paul Rubber Company, in violation of the terms of said contract, fraudulently put said notes in circulation as alleged in the answer? Answer: ....... ....

6. Did the Paul Rubber Company, in entering into said contract for the sale of the stock, fail to comply with the provisions and conditions of section 6367 of the Consolidated Statutes of North Carolina, as amended by chapter 180, Acts of 1923, as alleged in the answer? Answer: ............

7. Was the execution of the two notes sued on herein induced and procured by the false and fraudulent representations and assurances of the Paul Rubber Company and its agents, as alleged in the answer? Answer: ............

8. Is the plaintiff, Wm. Whitman Company, Inc., a holder in due course of the two notes sued on herein as alleged in the complaint? Answer: ............

9. What sum, if anything, is plaintiff entitled to recover? Answer: ............

To the submission of these issues plaintiff excepted. Upon the announcement by the court that the foregoing would be submitted as the issues, defendants admitted the execution of the notes by them, and admitted also that plaintiff is now the holder of said notes, denying, however, that plaintiff is the holder in due course. Defendants further admitted that plaintiff was the equitable owner of said notes. Upon these admissions the court held that the burden was upon defendants upon the first seven issues, and upon the plaintiff upon the last two issues. It thereupon held that defendants should first offer evidence. To this holding plaintiff excepted.

Upon the announcement of the foregoing ruling, plaintiff agreed, in open court, before the introduction of any evidence, that the first issue should be answered "Yes," the second "No," and the third, fourth, fifth, sixth, and seventh, each, "Yes." Upon this agreement the court held that the burden being upon plaintiff to satisfy the jury, by the greater weight of the evidence, first, that plaintiff is the holder in due course of said notes; and second, that plaintiff is entitled to recover of defendants the amount as alleged in the complaint, plaintiff was entitled to the opening and conclusion. Plaintiff thereupon offered evidence, which was submitted to the jury. No evidence was offered by defendants.

The jury, under the instructions of the court, having answered the eighth issue, "No," and the ninth issue, "Nothing," judgment was rendered upon the verdict that plaintiff is not entitled to recover of defendants or either of them upon the notes set out in the complaint. It was further ordered that plaintiff file said notes with the clerk of the court, marked "canceled."

From said judgment plaintiff appealed. Assignments of error, relied upon by plaintiff on its appeal in this Court, are discussed in the opinion below.

*Avery & Patton and Avery & Fairfield for plaintiff.*

*R. L. Huffman, C. E. Cowan, S. J. Erwin and S. J. Erwin, Jr., for defendants.*

CONNOR, J. Manifestly, plaintiff's assignments of error, based upon exceptions, with respect to the issues and to the holding as to the burden of proof, upon the first seven issues, cannot be sustained. Plaintiff's consent that these issues should be answered by the jury, in accordance with the contentions of defendants, make it unnecessary to consider or to discuss the exceptions upon which these assignments of error are based.

The burden upon the first seven issues, involving exclusively matters alleged in the answer, upon which defendants contend that the notes sued on are invalid, was upon defendants, who admitted the execution of the notes by them; the consent of plaintiff that these issues should be so answered as to sustain these allegations precluded the necessity of the introduction of evidence by defendants to sustain their contention that the title of the Paul Rubber Company, payee, to the notes, was defective, within the meaning of C. S., 3036, and C. S., 3040. The truth of this contention was, in effect, admitted by plaintiff, when it agreed that the issues should be answered as contended by defendants. *Fuller v. Smith,* 58 N. C., 192; *Shingle Mills v. Lumber Co.,* 171 N. C., 410. The title of the Paul Rubber Company to the notes was, upon the facts found by the jury, with the consent of plaintiff, defective. *Proctor v. Fertilizer Co.,* 189 N. C., 243; *Phosphate Co. v. Johnson,* 188 N. C., 419; *Bank v. Felton,* 188 N. C., 384; *Moon v. Simpson,* 172 N. C., 576, and 170 N. C., 335; *Bank v. Walser,* 162 N. C., 54. Plaintiff acquired title to the notes from the Paul Rubber Company; the burden upon the eighth and ninth issues was therefore upon plaintiff to prove that it had acquired title to the notes, and held same, as a holder in due course. C. S., 3040; *Bank v. Howard,* 188 N. C., 543; *Discount Co. v. Baker,* 176 N. C., 546; *Smathers v. Hotel Co.,* 168 N. C., 69; *Mfg. Co. v. Summers,* 143 N. C., 102. If plaintiff failed to sustain this burden by evi-

dence, from which the jury could find, by its greater weight, that plaintiff was such holder in due course, the notes, although in its hands as a holder, other than a holder in due course, are subject to the same defenses as if they were nonnegotiable. C. S., 3039. The notes are, admittedly, in form negotiable instruments; notwithstanding this fact, they are subject to the same defenses in this action as they would have been in an action by the Paul Rubber Company, unless plaintiff is a holder of the notes in due course, as defined in C. S., 3033. It is but just that plaintiff, who relied upon the special protection which the law gives to the bona fide holder of a negotiable instrument, to enforce payment of these notes, admittedly procured by the fraud of the payee, should be held to strict proof of all the facts involved in its allegation that it is a holder in due course, and therefore not affected by the equities of defendants. But for the principle underlying the law of negotiable instruments, plaintiff could not recover, for it is a general principle of law that no one can transfer a better title to property than he has. The party who claims the benefit of the exception to the general principle must bring himself within all the conditions on which it depends. *Combs v. Hodges,* 62 U. S., 397, 16 L. Ed., 115.

In their answer defendants deny the allegation in the complaint that plaintiff is a holder in due course of the notes set out in the complaint; in their further defense they allege "that if said notes were delivered to plaintiff herein, or transferred by the Paul Rubber Company to the plaintiff, which is expressly denied, then defendants allege that, as they are informed and believe, the plaintiff is engaged in the business of a note broker and is not the owner of said notes, but is a mere collecting agent." On the trial, before the introduction of evidence, and while the court had under consideration its ruling as to the burden of proof upon the issues, which it had announced would be submitted to the jury, defendants admitted that "plaintiff is now the holder of said notes, denying, however, that plaintiff is the holder in due course." This admission was immediately qualified by the statement, appearing in the record, that defendants further admitted that plaintiff was "the equitable owner of said notes." Thereafter, and before any evidence was introduced, the court ruled that the burden upon the issues involving the allegations that plaintiff was a holder in due course, and was entitled to recover upon the notes, was upon plaintiff. Plaintiff, without objection, or exception to this ruling, assumed the burden, and introduced in evidence the deposition of the secretary and treasurer of plaintiff, taken in the city of Boston, Mass. This deposition, and exhibits attached thereto, including the notes sued on, and correspondence, by letters and telegrams, between plaintiff, at Boston, Mass., and the Paul Rubber Com-

pany, at Salisbury, N. C., constitute all the evidence submitted to the jury. No evidence was offered by defendants.

Each of the notes offered in evidence, executed by defendants, is a negotiable instrument, complete and regular on its face; there is evidence, from which the jury could find that both notes were received by plaintiff at Boston, Mass., through the mail, from the Paul Rubber Company, at Salisbury, N. C., before maturity; that plaintiff took both notes in good faith, and for value, without notice of any infirmity in either note or of any defect in the title by which the Paul Rubber Company, payee, held the said notes. On the back of each note, at the time it was identified by the witness and attached as an exhibit to the deposition, were written the words, "The Paul Rubber Company, by W. M. McConnell, Pres." There is no evidence tending to show by whom these words were written, or when they were written on the back of the notes. The notes are dated 12 November, 1923; they are due, according to their tenor, on 12 April, 1924. They were received by plaintiff on 18 February, 1924, and were identified and attached to the deposition on 20 November, 1925.

The court instructed the jury that there was no evidence, and no admission in the record, tending to prove that the notes were endorsed by the Paul Rubber Company, or when the words appearing on the back of the notes were written thereon. It thereupon instructed the jury that if they believed the evidence, they should answer the eighth issue, "No" and the ninth issue, "Nothing." To these instructions defendants excepted. Assignments of error based upon these exceptions are chiefly relied upon by plaintiff, on its appeal to this Court.

We find no error in either instruction. The only witness, whose testimony was offered as evidence, was the secretary and treasurer of plaintiff. He testified in his deposition taken in Boston, Mass., that all the transactions between plaintiff and the Paul Rubber Company were by correspondence; that he did not know W. M. McConnell, whose name appears on the back of each note, and upon letters included in the correspondence, as president of the Paul Rubber Company; that the notes sued on were received by plaintiff, through the mail, on 18 February, 1924. This witness testified that the notes were "assigned" to plaintiff as collateral security; for obvious reasons, he does not testify that they were indorsed by the Paul Rubber Company, nor does he testify that the words written on the notes, at the time he identified them, appeared thereon at the time the notes were received by plaintiff. It is well settled by the decisions of this Court, as well as of other courts, and by approved text-writers, that words, written on the back of a negotiable instrument, purporting to be an indorsement by which the instrument was negotiated, do not prove themselves. The mere introduction of a

note, payable to order, with words written on the back thereof, purporting to be an indorsement by the payee does not prove or tend to prove their genuineness. C. S., 3010. *Critcher v. Ballard,* 180 N. C., 111; *Security Co. v. Pharmacy,* 174 N. C., 655; *Midgette v. Basnight,* 173 N. C., 18; *Worth Co. v. Feed Co.,* 172 N. C., 335; *Moon v. Simpson,* 170 N. C., 335; *Bank v. Drug Co.,* 152 N. C., 142; *Mayers v. McRimmon,* 140 N. C., 640; *Tyson v. Joyner,* 139 N. C., 69.

Counsel for plaintiff, on the argument, and in their brief, contend very earnestly, and quite insistently, that defendants' admission that plaintiff is a "holder" of the notes, is by reason of the definition of that word in C. S., 2976, an admission that plaintiff is an indorsee of the notes, and that this admission implies necessarily that plaintiff acquired title to the note by indorsement of the Paul Rubber Company. If this contention is well founded, the burden would still be upon plaintiff to prove that the notes were negotiated by indorsement prior to maturity. The presumption that every holder is a holder in due course, does not apply, when as in this case, it is alleged and shown that the negotiable instrument was indorsed by one whose title was defective. In such case the burden is on the plaintiff, who alleges that he is a holder in due course, to prove that he acquired the title from one whose title is admittedly or shown to be defective as such holder. C. S., 3040. He can sustain this burden only by offering evidence tending to prove every essential fact to constitute him a holder in due course.

A negotiable instrument may be transferred or assigned without indorsement; a transferee or assignee, who holds the negotiable instrument without indorsement, holds subject to equities between prior parties to the instrument. *Tyson v. Joyner,* 139 N. C., 69; *Bresee v. Crumpton,* 121 N. C., 122; *Jenkins v. Wilkerson,* 113 N. C., 535; *Miller v. Tharel,* 75 N. C., 148.

It is said in C. S., 2976, that in chapter 58, of the Consolidated Statutes of 1919, entitled, "Negotiable Instruments," unless the context otherwise requires, the word " 'Holder' means the payee or indorsee of a bill or note who is in possession of it, or the bearer thereof." It is clear that the word as used in many sections of this chapter does not mean a payee or an indorsee, sections 3006, 3030, 3034, 3038, 3039, and 3040. The word has been used in opinions of this Court, where it is clear that it was not used as meaning either a payee or an indorsee. *Critcher v. Ballard,* 180 N. C., 115; *Bank v. McEachern,* 163 N. C., 336; *Bresee v. Crumpton,* 121 N. C., 123; *Bank v. Drug Co.,* 152 N. C., 143; *Moon v. Simpson,* 170 N. C., 336; *Steinhilper v. Basnight,* 153 N. C., 294.

Upon the facts appearing in the record, it is manifest that counsel for defendants did not intend by the admission that plaintiff was a

holder of the notes, at the time of the trial, but not a holder in due course, to admit that the notes sued on by plaintiff had been negotiated by indorsement of the payee prior to maturity. The admission was qualified, immediately, before evidence was introduced by plaintiff, by the statement that defendants admitted that plaintiff was the equitable owner of the notes. Defendants had alleged in their answer that the notes had not been transferred to plaintiff, but that plaintiff held them only for collection. The equitable owner of an unindorsed negotiable instrument has been referred to as the *holder* of the instrument by writers of opinions for this Court: *Hoke, J.,* in *Critcher v. Ballard, supra; Allen, J.,* in *Bank v. McEachern, supra; Clark, J.,* in *Bresee v. Crumpton, supra.* It is clear that the court so understood the admission. It does not appear that counsel for plaintiff were misled, or that plaintiff was prejudiced by the admission as intended by counsel for defendants, and as construed by the Court. We cannot concur with the contention of counsel for plaintiff that the admission was some evidence of the genuineness of the indorsement, and that therefore the instruction of the court was erroneous. We find no error in the instructions.

It is ordered in the judgment that plaintiff cancel the notes, and file same in the office of the clerk. While plaintiff is not entitled to recover of defendants upon these notes, it is not precluded from maintaining an action on the notes as against the Paul Rubber Company, upon its contention, which it failed to establish in this case, that the Paul Rubber Company indorsed the notes to it. Neither the judgment nor the order can affect its right to hold the Paul Rubber Company liable as indorser, if in an action against said company it can show that said company indorsed the notes, and thereby negotiated them to it.

The judgment herein is affirmed. There is

No error.