W. P. DYER, JR., v. C. A. BRAY ET AL.

(Filed 22 May, 1935.)

**Bills and Notes G a—Original note is not extinguished merely by execution of renewal note, and upon default holder may sue on original note.**

Where a note is given in renewal of another note and not in payment thereof, the only effect of the transaction is to extend the time for payment, and the original note is not extinguished, and upon default, the payee may sue upon the original note, and in a suit on original notes in which the plaintiff introduces evidence of ownership, that the notes were due and unpaid, and that defendant executed same for value, and that the original notes were not paid by the renewal notes, defendant's motion as of nonsuit based solely upon the contention that plaintiff could declare only upon the renewal notes, should be overruled, plaintiff having made out a *prima facie* case. C. S., 3033, 3040.

APPEAL by plaintiff from *Sink, J.,* at January Term, 1935, of GUILFORD.

Civil action to recover balance alleged to be due on four promissory notes aggregating $19,000.

Plaintiff offered the notes in evidence; proved their execution by the defendants; showed that they were given for value; were presently due and unpaid, and adduced testimony to the effect that the plaintiff "is now the owner and holder of those notes"—the notes sued upon.

The defendants showed that the notes in suit had been renewed by the execution of other notes, and contended that plaintiff could only declare upon the renewal notes and not upon the original ones.

In reply, plaintiff offered the bank note teller, who testified: "The four notes, which I have identified as defendants' Exhibits 2, 3, 4, and 5, came into the bank as renewal notes of those other notes, but the original notes were not turned loose, they were still held. . . . The original notes were never surrendered; they were held."

From a judgment of nonsuit entered at the close of all the evidence, the plaintiff appeals, assigning errors.

*M. F. Douglas and R. M. Robinson for plaintiff.*
*Walter Siler and Smith, Wharton & Hudgins for defendant Bray.*

STACY, C. J.   Where a note is given merely in renewal of another note and not in payment thereof, the effect is to extend the time for the payment of the debt without extinguishing or changing the character of the obligation, and, in case of default, the holder may sue upon the original instrument. *Bank v. Rosenstein,* 207 N. C., 529.

Speaking to the subject in *Grace v. Strickland,* 188 N. C., 369, 124 S. E., 856, *Adams, J.,* delivering the opinion of the Court, observed: "As applied to negotiable instruments, the word 'renewal,' or 'renewed,' signifies more than the substitution of one obligation for another. It means the substitution in place of one engagement of a new obligation on the same terms and conditions—that is, the reëstablishment of a particular contract for another period of time. *Kedy v. Petty,* 54 N. E. (Ind.), 798; *National Bank v. Fickett,* 50 S. E. (Ga.), 396; *Griffin v. Long,* 131 S. W. (Ark.), 672; *Hyman v. Devereux,* 63 N. C., 624; *Kidder v. McIlhenny,* 81 N. C., 123; *Bank v. Hall,* 174 N. C., 477. In 8 C. J., 443 (656), it is said: 'Where a note is given merely in renewal of another note, and not in payment, the renewal does not extinguish the original debt nor in any way change the debt, except by postponing the time of payment.' *Bank v. Bridgers,* 98 N. C., 67. If the second note be given and accepted in payment of the debt, and not in renewal of the obligation, a different principle will apply. *Wilkes v. Miller,* 156 N. C., 428; *Collins v. Davis,* 132 N. C., 106; *Smith v. Bynum,* 92 N. C., 108."

The plaintiff made out a *prima facie* case. C. S., 3033 and 3040; *Bank v. Rochamora,* 193 N. C., 1, 136 S. E., 259; *Mayers v. McRimmon,* 140 N. C., 640, 53 S. E., 447; *Tyson v. Joyner,* 139 N. C., 69, 51 S. E., 803.

It would seem, therefore, upon the record as presented, the question of liability was one for the jury. *Hunt v. Eure,* 189 N. C., 482, 127 S. E., 593.

There was error in dismissing the action as in case of nonsuit.

Reversed.